## Wash Beatty *v.* The State.

1. Larceny. *Domestic animal. Estray.*
   Authority of law exists for taking up as an estray a wandering mule, whose owner is unknown; but such animal may be the subject of larceny.

2. Same. *Trespass. Conversion. Felonious intent.*
   A man who unlawfully takes another's personal property, not intending to steal, and afterward converts it, intending to steal, is guilty of larceny.

3. Same. *Lawful taking. Fraudulent conversion.*
   If the original taking is lawful and *bona fide*, however, a subsequent fraudulent conversion is not larceny, because there is no trespass.

4. Same. *Evidence. Conduct.*
   The taker's subsequent conduct and dealings with the property are admissible in evidence to show with what intent he first took possession.

5. Same. *Intent. Estray.*
   If he professes to take the mule as an estray, intending at the time to steal it, he is guilty of larceny, for in such case the taking is a trespass, which the intent makes larceny.

Appeal from the Circuit Court of Madison County.

Hon. T. J. Wharton, Judge.

At the trial of this indictment for grand larceny, which resulted in the conviction of the appellant, the State's testimony was to the effect that Wash Beatty took up a stray mule, which he kept for some days, and then hitched it one night under a shed, when a man, whom he had hired for the purpose, took and sold the mule. The defendant's evidence tended to show that he made efforts to find the owner of the animal while he kept it, and that the thief acted on his own account. The instruction for the State was that if the accused directed the man to take the mule and trade it for his benefit without the owner's consent, with intent to convert the proceeds to himself, the jury should convict even though they believed that the defendant took it up intending at first in good faith to return it to the owner. The following charges, asked by the defendant, were refused: 1. If the defendant took the mule up, straying,

without knowing its owner, with the real intention of finding the owner and delivering it to him, no subsequent conversion is larceny, and his efforts to find the owner may be considered to show his intention.   2. To constitute larceny there must be a felonious taking; and if he took up the mule as an estray without intending to steal, and afterward converted it to his own use, this is not larceny.   3. If he took up the mule as an estray, without knowing its owner, with no intention of stealing it, and afterward hitched it in his shed, and told the man to get it and trade it for him and the man did so, the accused is not guilty of larceny.

*R. C. Smith*, for the appellant, argued orally and in writing.

In taking up the stray mule, the accused was guilty of no crime, but did what the law enjoined upon him.   Code 1880, § 899.   If he so acted in good faith, even contrary to law, no subsequent conversion would make his act larceny.   Code 1880, § 903.   But in fact he took the mule lawfully, and it was stolen from him.   A person who finds lost property, and carries it home, not intending to steal it, commits no larceny in subsequently selling it.   *Ransom* v. *State,* 22 Conn. 153 ; *State* v. *Conway,* 18 Mo. 321.   Directing the man to take the mule and sell, intending to share with him the proceeds, did not constitute larceny; yet by the State's instruction the guilt of Beatty was made to turn upon this alleged fact.   *People* v. *Anderson,* 14 John. 294.

*J. W. Downs*, on the same side, argued orally and filed a brief.

A fraudulent taking is essential to larceny.   The intent constitutes the mark of the crime.   By the charge for the State this was . excluded from the consideration of the jury.   *Randal* v. *State,* 4 S. & M. 349 ; *Coon* v. *State,* 13 S. & M. 246.   If the defendant took up the mule in good faith, intending to return it to the owner, he could not be guilty of a crime.   *Hamilton* v. *State,* 35 Miss. 214. Telling the man to dispose of the animal did not constitute larceny, whether the appellant purposed to share in the proceeds or leave the price to the man.   In order to make out this crime there must be a wrongful taking of property from the owner's possession with the intention of converting it without his consent.   After property comes lawfully into a man's hands, it cannot be stolen by him.

*T. C. Catchings,* Attorney General, for the State, filed a brief and made an oral argument. ·

The rule that the finder of lost property does not commit larceny by converting it to his use applies to inanimate objects, but not to domestic animals. These cannot be assumed to be abandoned, for they are liable to break away and stray off, and return, and no taking with intent to appropriate them can be presumed to be in good faith. *People* v. *Kaatz,* 3 Park. Cr. 129 ; *State* v. *Martin,* 28 Mo. 530. The statute cited for the appellant does not reduce the grade of the offense. Code 1880, § 903. Selling or trading an estray·is a violation of this law. Converting it to the finder's use with felonious intent is larceny notwithstanding the statute.

COOPER, J., delivered the opinion of the court.

The court erred in granting the instruction asked by the State and in refusing those prayed by the defendant. In England there are to be found many cases in which it is announced that an inanimate chattel lost by the owner and having no *indicia* from which the ownership might be inferred could not be the subject of larceny by one finding it, who at the time of the capture knew no facts or circumstances from which he might discover the owner. Such property was considered as without an owner and therefore not the subject of larceny. 3 Inst. 108 ; 1 Hawk. P. C. c. 19, § 38 ; *Regina* v. *Mole,* 47 E. C. L. 416 ; *Regina* v. *Thurborn,* 1 Den. C. C. 387. It is probable that animals estray also stood upon the same footing, for Bracton in enumerating the things which could not be stolen includes " *animalia vagantia quœ nullus sequitur, petit vel advocat.*" 2 Russell on Crimes 180 and note t.

If the finder, however, knew at the time of the finding to whom the chattel belonged, or had knowledge of such facts as, if pursued, would discover the owner, and at the time of taking possession intended to steal, this was larceny. *Lamb's Case,* East P. C. c. 16, § 99 ; *Rex* v. *Pope,* 6 C. & P. 346 ; *Regina* v. *Thurborn, ubi supra ; Sears's Case,* 1 Leach 463 *notis ;* 2 Russell on Crimes 167. But a fraudulent conversion after possession taken by the finder of property of which larceny could be committed was not larceny if the possession

was acquired rightfully and in good faith.  *Ransom* v. *State*, 22 Conn. 153; *State* v. *Roper*, 3 Dev. 473; *State* v. *Conway*, 18 Mo. 321; *Regina* v. *Thurborn, ubi supra; Regina* v. *Christopher*, Bell C. C. 27; *Regina* v. *Preston*, 2 Den. C. C. 353; 2 Russell on Crimes 9.   In the cases cited by the attorney general, *People* v. *Kaatz*, 3 Park. Cr. 129; *State* v. *Martin*, 28 Mo. 530, it is assumed that the English rule that larceny cannot be committed in respect to lost property is correct, and the argument in those cases is to show that domestic animals can under no circumstances be considered as "lost" within the meaning of that rule.   It was said, in *Griggs* v. *State*, 58 Ala. 425, that the English courts have been followed by those of only two of the American States—Tennessee, in *Porter* v. *State*, Mart. & Y. 226, and New York, in *People* v. *Anderson*, 14 John. 294.   It would seem that the rule is recognized in Missouri also.   *State* v. *Conway, ubi supra.*

We are satisfied that the property charged to have been stolen by the appellant might have been the subject of larceny, nor do we understand that this is now, or was, controverted in the court below.   The vice in the instruction given for the State is that a subsequent fraudulent conversion of the property was declared to be larceny, although the possession was taken lawfully and in good faith.   The instructions asked by the accused and rejected by the court announced the converse proposition.

If one unlawfully takes possession of the personal property of another, not intending at the time to steal, and subsequently converts it, intending to steal, this is larceny, for there is then both a trespass and a fraudulent conversion with intent to steal.   *Commonwealth* v. *White*, 11 Cush. 483; *Regina* v. *Riley*, 14 Eng. L. & Eq. 544; *Griggs* v. *State*, 58 Ala. 425.   But if the actual taking is lawful and *bona fide*, a subsequent fraudulent conversion is not larceny, because there is no trespass, and every larceny includes a trespass.   *Tanner* v. *Commonwealth*, 14 Gratt. 635; 2 Bish. Crim. Law, § 799, and authorities there cited.

The conduct and doings of the appellant with the property subsequent to his taking it into possession are admissible in evidence for the purpose of showing *quo animo* the possession was taken.   He

had authority of law to take up the mule as an estray if his intention was to deal with it as such, and if the jury shall believe from all the facts and circumstances that such was his intent, no subsequent fraudulent conversion would be larceny. If, on the other hand, it shall appear that he professed to take it as an estray, intending at the time to steal it, he is guilty of larceny without regard to the subsequent conversion, for in such case the taking was unlawful and a trespass, and the intent to steal makes the trespass larceny.

*Judgment reversed.*