JESSE E. LELAND *v*. STATE OF MISSISSIPPI.

CRIMINAL LAWS. *Larceny. Temporary use.*

> The taking of property, without the owner's consent, merely for temporary use, without intent to deprive him permanently of his goods, does not constitute larceny of the goods.

FROM the circuit court of Smith county.

HON. JOHN R. ENOCHS, Judge.

Leland, appellant, was indicted, tried and convicted in the court below for the larceny of a horse, and appealed to the supreme court.

The evidence for the state was, in substance, that the horse was stolen or taken from the stable of Tullos, the owner, on the night of January 29, 1902. The defendant was seen at Taylorsville in the morning, and was seen by different parties on the road from Taylorsville to Raleigh, and inquiring the way to Raleigh, which was about seventeen miles north of Taylorsville. He was walking, and about dark he was seen near the house of Tullos. On that night the sheriff's and clerk's offices were broken open and robbed at Raleigh, and the horse was taken from the owner's stable. The next morning Leland was seen at Taylorsville. The horse was also found there, loose; and a bridle and saddle belonging to Tullos were found in a brier heap not far from Taylorsville. Defendant was also seen in Raleigh the night of January 29, 1902. Tullos lived south of Raleigh, on the road that led to Taylorsville. Leland, a stranger in the community, was seen at Taylorsville a few days afterwards, and gave contradictory statements as to where he lived. On this testimony the state rested, and the defendant asked the court to instruct the jury to acquit him, which was

refused. The first instruction given for the state was as follows: "(1) The court instructs the jury, for the state, that if they believe from the facts and circumstances proved, beyond a reasonable doubt, that on the 29th day of January, 1902, in Smith county, Miss., defendant, Leland, feloniously took and carried away the horse of Tullos, of the value of $100, without said owner's consent, then the jury should find the defendant guilty as charged, without regard to the distance or place to which the defendant carried the horse, or what disposition he made of the horse, or how long said owner was deprived of the use of horse."

_McIntosh Brothers,_ for appellant.

The object of the thief to constitute larceny must be to convert, by the fraudulent taking without the consent of the owner, the title of the property from the owner himself. It makes no difference what disposition the thief may make of the property if he acquires the proceeds of it. This is the theory, "if he takes it from the owner feloniously and without consent of the owner at the same time intending to make what disposition he chooses and intending that owner shall never receive any more benefit from it," then this is larceny. Is this not the doctrine? If so will the court read Instruction 1 given to the state, and see if there is not a manifest error.

_J. N. Flowers,_ assistant attorney general, for appellee.

"The rule is now well settled, that it is not necessary to constitute larceny, that the taking should be in order to convert the thing stolen to the pecuniary advantage or gain of the taker; and that it is sufficient if the taking be fraudulent, and with an intent wholly to deprive the owner of the property. . . . This rule we consider to be in accordance with the principle on which the law of larceny rests which is to punish the thief for wrongfully and feloniously depriving the owner of his property. The reason of the law is to secure a man's property to him, and

that is to be carried out, rather by punishing the theif for feloniously depriving him of it, than for the wrongful gain he has made by the theft." *Hamilton* v. *State,* 35 Miss., 219; followed in *Warden* v. *State,* 60 Miss., 638; *Delk* v. *State,* 64 Miss., 77.

CALHOON, J., delivered the opinion of the court.

We should, perhaps, not disturb the verdict of the jury if the issue merely was whether Leland took the horse from the stable. But the question, further, is whether he took it for temporary use, to ride, or to deprive the owner permanently of his property. The evidence very strongly supports the probability of the taking being merely for transportation from Raleigh to Taylorsville. In this view, the first instruction given for the state was misleading and erroneous, and not cured by any instruction for the defense, if, indeed, it could be cured. *Beatty* v. *State,* 61 Miss., 18; *Hamilton* v. *State,* 35 Miss., 214-219; *Warden* v. *State,* 60 Miss., 639; *Delk* v. *State,* 64 Miss., 77; 1 South, 9; 60 Am. Rep., 46; *People* v. *Miller,* 88 Am. St. Rep., 601, note; A. & E. Enc. Law, vol. 1, p. 761 (1st ed.).

*Reversed and remanded.*