BUTLER *v.* STATE.[*]

(Division A. Oct. 15, 1928.)

[118 So. 412. No. 27489.]

*Corpus Juris-Cyc References: Larceny, 36CJ, section 127, p. 771, n. 56; p. 772, n. 62; section 497, p. 912, n. 42; Intent to steal as essential element of larceny, see 17 R. C. L. 24; 3 R. C. L. Supp. 633; 4 R. C. L. Supp. 1106; 5 R. C. L. Supp. 932; 6 R. C. L. Supp. 999.

*A. M. Edwards,* for appellant.

578

*Rufus Creekmore,* Assistant Attorney-General, for the state.

McGowen, J. The appellant, Ross Butler, and another were jointly indicted for grand larceny in the circuit court of Simpson county. The other defendant pleaded guilty. Butler was tried and convicted, and sentenced to serve a term of four months in the penitentiary. He prosecutes an appeal here.

The essential facts upon which his conviction rests are these: "On May 1, 1927, G. L. Barr, the owner of an automobile, accompanied by the defendant, Ross Butler, and Tommy Tullos, started on a trip. After they had gone some little distance together, Barr, the owner of the car, concluded to abandon the trip. The defendant, Butler, and his associate wanted to borrow the car to go to see some girls, and, after exacting a promise from them that they would return it within fifteen or twenty minutes, Barr let them have his car. They did not return the car to Barr, as they agreed to do, but drove many miles and in several counties in South Mississippi, sleeping in the car at night and eating at stores. They left with the car on Sunday afternoon, and returned to the vicinity of Braxton, near the home of Barr, on the following Wednesday afternoon, when Butler left his companion with the car. Learning that warrants had been sworn out and that search was being made, Butler took the searching party to the place on the public road where he had left Tullos with the car. The car was not found at this point, but was found, deserted, in a ditch some distance away. The defendant admits that he was drinking and drunk during the time he was in possession of the car. On these facts the court below submitted the issue to the jury and refused the peremptory instruction requested by the defendant.

The truth is that the jury was only warranted in finding that the defendant, Butler, and his companion failed to comply with their promise to return the car to Barr within a few minutes; that they abandoned their purpose to visit the girls, and went on a joy ride with "all the accoutrements to paint the pine woods red." But there is no satisfactory evidence on which we could say the *animo furandi* existed at the time of the alleged fraudulent obtaining of the car, or at any other time during their escapade, or that they intended to deprive the owner of his car permanently.

It is true that this court has held that a man who unlawfully takes another's personal property, not intending to steal, and afterwards converts it, intending to steal, is guilty of larceny. *Beatty* v. *State,* 61 Miss. 18. It is likewise true that if the original taking is lawful and *bona fide,* a subsequent fraudulent conversion is not larceny, because there is no trespass. In the *Beatty case, supra,* Judge COOPER, as the organ of the court, analyzed the authorities and announced the above conclusions.

There is nothing in this record to show that at the time the defendant and his associate borrowed the car to go to see the girls they intended to fraudulently convert it to their own use; nor is it unreasonable to believe that, after they started on said mission and took a few drinks, they continued the chase across South Mississippi as long as the "moonshine" lasted. The evidence supports the theory of the defendant that they did not intend permanently to deprive the owner of his property; and, on the facts adduced before the jury in the court below, the crime, if any, was that of trespass. See *Leland* v. *State,* 82 Miss. 132, 33 So. 842.

*Reversed and remanded.*