HAMPTON *v.* STATE.

(In Banc.   May 22, 1944.)

[18 So. (2d) 150.   No. 35550.]

Jas. F. Noble, of Brookhaven, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was convicted of grand larceny in the alleged theft of an automobile. The first instruction for the state authorized the jury to convict the defendant if they believed from all the evidence, beyond a reasonable doubt, that the defendant obtained possession of the automobile unlawfully, "by falsely and fraudulently pretending he was getting it for the purpose of having a tire vulcanized, etc." The instruction authorized conviction whether the intent to steal existed at the time possession was obtained or later. We do not care to discuss the assignment involving the latter provision, but examine only the sufficiency of the testimony to sustain a finding beyond all reasonable doubt that possession of the automobile was procured by a false and fraudulent pretense. If the acquisition was "unlawful" it must be here referred to such pretense.

The prosecuting witness testified that he accosted the defendant, and asked where he was working and was told that he was working at Godbold's station repairing tires. Whereupon the witness stated that he had a tire he wanted to get repaired. Upon defendant's assurance that he could attend to it the witness delivered his car to defendant. The car was later wrecked by a blow-out while a third party was driving it to a near-by town, and while defendant was riding therein on the rear seat. Was such assurance by the defendant a false and fraudulent representation or device by which possession was unlawfully obtained?

Assuming, but not deciding, that such representation would constitute an unlawful trespass requisite to larceny, let us briefly examine the record. The undisputed testimony is that shortly after delivery of the car to defendant he took it to Godbold's repair station stating that he wanted the tire vulcanized. Employees of the station told him that it was not at the moment convenient to undertake the repair. A partner in the business testified

that defendant had been engaged by the shop to solicit repair jobs, and had at odd times been at least casually there employed. The proprietor, Godbold, was unable to verify the fact that defendant was or had been employed in such capacity, but corroborated the statement that defendant brought the car to the shop to have the tire vulcanized.

After being advised that the repairs could not be immediately undertaken, defendant stated that this was agreeable because he had to go to Monticello on a mission for the owner of the car. It was upon such purported mission that the car was wrecked. The prosecuting witness denies the fact of such mission, but the other facts are not contradicted, and are corroborated by the defendant. It is evident that the testimony does not justify a finding beyond all reasonable doubt that the defendant obtained possession by a false or fraudulent device or representation. In this connection it is emphasized that the only representation made was that defendant was employed at Godbold's station, and could and would get the repairs made. This statement was made in answer to the car owner's inquiry as to where he was working. The matter of repairs or the subject of the automobile had not then been mentioned. When asked about fixing the tire, the defendant stated that he "could do it and would guarantee the job." Aside from the question whether such representations would sustain a charge of false pretense we are agreed that, especially in view of the subsequent course of defendant, there was not sufficient evidence to justify a finding that possession was procured by such an unlawful means as would constitute a requisite ingredient of larceny.

We do not consider the extent of defendant's responsibility otherwise. Cf. Butler v. State, 151 Miss. 576, 118 So. 412.

Reversed and remanded.