THE STATE, Respondent, v. GAZELL, Appellant.

1. If a person take and lead away a horse any distance with a felonious intent, the asportation is complete and he is guilty of larceny, although the horse is not removed from the enclosure or lot in which he is at the time of such felonious taking and leading away.

*Appeal from St. Louis Criminal Court.*

*C. C. Carroll*, for appellant.

I. There was no legal *asportavit* proved. The fourth instruction given by the court is erroneous. The court plainly tells the jury that a larceny had been committed, the very thing they were called upon to decide. The instruction more than revives the rigor of the old common law. It tells the jury that no matter whether the property be taken away from the possession of the owner or not, still the felony is complete, if the man tried to steal but did not steal. The horse was not carried away from any place. There was a high fence around the place, and egress therefore was impossible without taking down that fence. Not a log of it was taken down. (Rex v. Cheny, 2 East. P. C. 556; Anon. 2 id. 556; Rex v. Wilkinson, 1 Hale, 598; 2 Russ. 96, 6; State v. McDowell, 1 Hawks, 449; State v. Carr, 13 Verm. 571.)

*Mauro*, (circuit attorney,) for the State.

I. The instruction declared the law correctly. (2 Arch. C. Pl. 362, note; Whart. C. L. 655; State v. Carr, 13 Verm. 571.)

SCOTT, Judge, delivered the opinion of the court.

The defendant was indicted for horse-stealing, convicted and sentenced to the penitentiary. On the trial it appeared in evidence that the horses were in an enclosure. A witness testified that he saw a man leading one of the horses with something on him—a bridle or line. The court instructed

the jury that " if the defendant took or led the horse away any distance with a felonious intent, then the asportation is complete, as much so as if the party had succeeded in removing the horse away altogether, and in such case it makes no difference that the horse or horses had not been removed from the enclosure or lot in which they were at the time of the larceny." This instruction was excepted to.

The least removal of the thing taken from the place where it was before is a sufficient asportation, though it be not quite carried off. As where one takes a horse and is arrested in the act of leading him from the enclosure of the owner, or where one takes goods in an inn and carries them into the hall with an intent to steal them and is apprehended before he gets out of the house, he was adjudged guilty of larceny. So where one takes plate from a chest and lays it on the floor and is surprised before he can carry it away, or removes goods from one end of a wagon to the other but is detected before he gets them out, the offence is complete and he is guilty of larceny. (2 East. P. C. 555–6.)

The judgment is affirmed; the other judges concurring.