## CUFF WARDEN *v.* THE STATE.

1. CRIMINAL LAW. *Larceny. Motive in the taking.*

W. was indicted for grand larceny. The proof indicated that he surreptitiously took the mule of M. and led it into the swamp and killed it. Whether the killing was immediately upon the taking, or took place afterwards and was for the purpose of concealment, does not appear. There was bad blood between the accused and the owner of the mule and the evidence tended to show that the taking was done with no desire for gain but solely from malice. *Held,* that under these circumstances the motive which prompted the taking was immaterial, and that a furtive and fraudulent taking without pretence or claim of right, with intent wholly and permanently to deprive the owner of his property, though without intent or desire for gain on the part of the taker, was larceny. *Hamilton* v. *The State,* 35 Miss. 214, approved.

2. SAME. *Larceny. Malicious mischief.*

The fact in the case above stated that the accused killed the animal after he had carried it away, and in so doing was guilty of malicious mischief does not free him from the guilt of larceny already incurred.

3. SAME. *Instructions.*

It is not error for a circuit judge, of his own motion, to give instructions in modification or explanation of those prepared by counsel. *Bob Watkins* v. *The State, ante,* distinguished.

APPEAL from the Circuit Court of Copiah County.

Hon. T. J. WHARTON, Judge.

Cuff Warden was indicted for grand larceny and tried and convicted in October, 1882. From the judgment of the court below he appealed to this court. The court below, of

its own motion, gave the following instruction in modification of those refused for the defendant, and in explanation of those given for the State : —

" It is not necessary to constitute larceny that the taking should be in order to convert the thing taken to the pecuniary advantage or gain of the taker ; it is sufficient, if the taking be fraudulent and with an intent wholly to deprive the owner of the property. The motive by which the taker is influenced in depriving the owner of his property altogether, whether it be to benefit himself or another, or to injure any one by the taking, is immaterial. The reason of the above rule of law is to secure a man's property to him, and that is to be carried out rather by punishing the taker for feloniously depriving him of it, than for the wrongful gain he has made by the theft."

*R. P. Willing*, for the appellant.

1. The taking and carrying away must be done *animo furandi*, and there must be a *lucri causa* to constitute larceny. The authorities are somewhat conflicting on this point, but perhaps the weight of authority is in favor of the rule laid down in the following cases : *McDaniel* v. *The State*, 8 Smed. & M. 401 ; *The State* v. *Hawkins*, 8 Port. 461 ; *The State* v. *Ware*, 10 Ala. 814 ; 2 Bishop's Cr. Law, sect. 843.

2. The court, after refusing defendant's instructions and granting those asked by the State, gave an instruction of its own motion over the objection of defendant's counsel. This he was not authorized to do. *Bob Watkins* v. *The State*, 60 Miss. 323. The instruction, however, did not embody the law correctly, and was calculated to mislead the jury.

*T. C. Catchings*, Attorney-General, for the State.

1. It is not necessary, to constitute larceny, that the taking should be in order to convert the thing stolen to the pecuniary advantage or gain of the taker ; it is sufficient if the taking be fraudulent and with intent wholly to deprive the owner of the property. *Hamilton* v. *The State*, 35 Miss. 219. In so far as

it announces a contrary doctrine, *McDaniel* v. *The State*, 8 Smed. & M. 401, cited by counsel, is overruled.

2. The objection that the court of its own motion granted an instruction, is without merit. It is presumed that it is rested upon the action of the court with reference to an instruction to be found on page 10 of the transcript; but it will be seen that the court really only modified an instruction asked by defendant by giving the law in its own language in lieu of that of defendant.

CHALMERS, J., delivered the opinion of the court.

The proof indicated that appellant surreptitiously took the mule of one McNeil and led it into the swamp and killed it. Whether the killing was immediately upon the taking or took place afterwards, and was for the purpose of concealment (there was an attempt to consume the carcass by fire) does not appear. It is proved that there was bad blood between the appellant and the owner of the animal, and it is highly probable that the taking was done with no desire for gain, but solely from malice. Under these circumstances the court below instructed the jury that the motive which prompted the taking was immaterial, and that a furtive and fraudulent taking without pretence or claim of right, with intent wholly and permanently to deprive the owner of his property, though without intent or desire for gain on the part of the taker, was larceny, and if they believed that the mule was thus taken they should find the accused guilty as charged.

This doctrine is in accordance with the ruling of this court in *Hamilton* v. *The State*, 35 Miss. 214., where the question was fully considered and settled. It seems to meet the approval also of most of the modern writers on criminal law and to be sanctioned by many cases both English and American. 2 Bishop's Cr. Law, sects. 842, 843, 844, 845, 846, 847, 848; 2 Whart. Cr. Law, sect. 1781, *et seq.;* 2 Russ. on Cr., sect. 145, *et. seq.*

While the doctrine that there can be a larceny where there exists no desire for gain on the part of the taker is by no means universally recognized, and is distinctly repudiated by many cases, we do not feel disposed to overrule the deliberate adjudication of this court on the question, in view of the fact that our statutes have undergone several revisions since the case of *Hamilton* v. *The State, supra,* was decided without change in this regard, and even apart from this consideration much may be said in support of the doctrine. That the appellant killed the mule after he had carried it away, and in so doing was guilty of malicious mischief, does not of course free him of the guilt of the larceny already incurred.

The instruction given by the circuit judge of his own motion was in explanation and modification of those prepared by counsel and does not fall within the rule announced in *Watkins* v. *The State*.

Affirmed.