JAMES DELK *v.* THE STATE.

1. LARCENY. *Lucri causa. Intent in asportation.*
   To constitute an element of larceny it is not necessary that the taking be *lucri causa*, but need only be fraudulent. *Warden* v. *The State*, 60 Miss. 638, and *Hamilton* v. *The State*, 35 Miss. 214, cited.

2. SAME. *Asportation. Case in judgment.*
   D. went secretly to the stable of another, led therefrom a jack belonging to the latter, and, when fifteen or twenty feet from the door of the stable, killed the jack and left it lying on the owner's premises. *Held,* that if such removal was felonious, there was a sufficient asportation to constitute an element of larceny.

APPEAL from the Circuit Court of Kemper County.

HON. S. H. TERRAL, Judge.

James Delk and Tony Carter, charged with stealing a jack, the property of D. H. Garner and J. W. Carter, were jointly indicted for grand larceny. Tony Carter having pleaded " guilty," testified on the trial of James Delk that Delk came to " my house and said he wanted me to go with him and help kill the jack. Delk went to his house and got a pair of plow lines and we went to the lot, and he went in the stable and put the rope on the jack and led him out of the stable and tied him to the fence; then we put another rope on him with a noose in it, and we got hold of it and begun to pull, and the jack begun to make a right smart noise and Jim turned loose the rope and went up to him and stopped up his nose till he died." This was at night. The dead body of the jack was

found next morning fifteen or twenty feet from the stable door, his neck just back of the head being badly bruised. There were many circumstances which corroborated the testimony of Tony Carter.

The court refused to give the fifth instruction asked for by the defendant. It is as follows : " The court instructs the jury that although they may believe from the testimony that the defendant, Jim Delk, entered the jack lot as testified by the witness, Tony Carter, and took the jack from the stable in said lot, the door of the same being already open, and carried him ten or fifteen steps from said stable, but not outside of said lot, and then killed the said jack, as related by the said witness, Tony Carter, yet such carrying away was not sufficient to constitute larceny, and the jury should acquit of the crime of larceny."

The defendant was found guilty, and he appealed.

*Walker & Hall,* for the appellant.

1. The case at bar is not similar to the case of *Hamilton* v. *State,* 35 Miss. 214, or the case of *Warden* v. *State,* 60 Miss. 638. In both of those cases it is at least doubtful whether the taking was from a desire of gain or some other motive. It is clear, however, that there was asportation in both cases.

Was there any asportation in the case at bar? If the testimony is true, the intent of appellant was perfectly clear the moment he entered the lot. He went to kill the jack then and there. He did not remove him from his little inclosure of one-quarter or one-half acre lot. It is true Tony Carter says he led him out of the stable, the door of which was open, but this is no more of a carrying away than it would be for a man to shoot down maliciously a cow in a pasture, after enticing her with a bundle of fodder to turn her head to him or to come nearer.

2. The old text-books and decisions held that there were three essential elements in larceny, caption, asportation, and conversion. And in many States and by some text writers it is still held that the taking, to constitute larceny, must be *animo furandi,* or, as the civil law terms it, *lucri causa.*

3. In the case at bar there was not only no taking *lucri causa,* but there was no carrying away.

J. P. *Walker*, for the appellant, argued the case orally.

T. M. *Miller*, Attorney General, for the State.

1. The old notion that *lucri causa* is essential in larceny is no longer recognized. It is sufficient that there be a felonious or fraudulent taking, with intent to deprive the owner of his property.

In *Hamilton* v. *State*, 6 Geo. 214, the court quotes with approval from the report of the commissioners of the crimial law in England as follows: "The ulterior motive by which the taker is influenced in depriving the owner of his property altogether, whether it be to benefit himself or another, or to injure any one by the taking, is immaterial." I ask the attention of the court to the views of Judge Handy in the case cited on pages 219 and 220. See also 2 Bish. Crim. L., §§ 847 and 848. "So in Texas, the taking of a thing with the intent to destroy it, is deemed sufficient." *Dignonitty* v. *State*, 17 Tex. 521. The question is forever put at rest here by *Warden* v. *State*, 60 Miss. 638.

When the prisoner took a horse, which he backed into a coal pit and killed, to prevent it from furnishing evidence against one accused of stealing it, the majority of the English judges held his offense to be larceny. 2 Bish. Crim. L., § 846.

2. Touching the sufficiency of the asportation, I cite the court to the same volume, §§ 794 and 795, and cases cited: "The goods taken need not be retained in the possession of the thief, neither need they be removed from the owner's premises."

"The doctrine is that any removal, however slight, of the entire article which is not attached to the soil or to any other thing not removed, is sufficient."

"If the thief has the absolute control of the thing but for an instant, the larceny is complete." As to domestic animals, the trespass is sufficient if the animal is ridden, driven, or led away. Ib., § 806.

The Attorney General also made an oral argument.

ARNOLD, J., delivered the opinion of the court.

There is no error in the instructions for the State, and the fifth instruction asked by appellant was properly refused.

The doctrine is well settled in this State that it is not necessary to constitute larceny that the taking should be. *lucri causa.* A fraudulent taking and removal of the personal property of another with intent to wholly and permanently deprive the owner of the same is larceny. *Warden* v. *The State*, 60 Miss. 638 ; *Hamilton* v. *The State*, 35 Ib. 214 ; 2 Bish. Crim. L., § 758 ; *Williams, etc.*, v. *The State*, 52 Ala. 411.

It was not necessary that the animal stolen should have been removed from the premises of the owner. To remove him with the requisite felonious intent from one part of the premises to another, or from the spot or house where he was found, was a sufficient asportation. 2 Bish Crim. L., §§ 794, 806 ; 3 Greenleaf Ev., § 154.

On the facts shown it was not error to overrule the motion for a new trial.                                                        *Affirmed.*