## THE PEOPLE OF THE TERRITORY OF UTAH, APPELLANT, v. WILLIAM GILLIS, RESPONDENT.(1)

CRIMINAL LAW.—LARCENY.—FELONIOUS TAKING.—The defendant stated to the pound-keeper that a certain animal which he pointed out, then confined in the pound, belonged to himself, and sold it to the pound-keeper for eleven dollars, and the pound-keeper then took the animal out of the pound and turned it out on the range, where it was shortly afterward found by the owner, and claimed. The defendant never owned the animal nor had it in his possession; *held* that there was no trespass nor asportation and hence no larceny.

APPEAL from an order granting a new trial in the district court of the First District. The opinion states the facts.

*Mr. David Evans*, Assistant U. S. District Attorney, for the appellant, cited *Dows v. State*, 2 Southw. Rep. (Tex.) 814.

*Mr. John B. Milner*, for the respondent.

SANDFORD, C. J.:

The respondent was indicted by the grand jury, and tried on a charge of grand larceny. He was found guilty. A motion for a new trial was granted, and an appeal from the order granting a new trial has been taken to this Court.

The evidence below discloses that the defendant had stated to the pound-keeper that a certain animal which he pointed out, then confined in the pound, belonged to him, and sold it to the pound-keeper for $11. It was shown that the accused did not own the beast, and never had had it in his possession. The pound-keeper, after paying the money, took it from the pound, and turned it out on his range. Shortly afterwards the animal was claimed by its

---

(1) This case seems contrary to the weight of authority.

rightful owner. It is contended on the part of the appellant that the accused is guilty of larceny within the meaning of the statute defining that offense, and that the taking of the animal from the pound by the pound-keeper was a taking by the accused. We think the Court did not err in ordering a new trial. It is a well-settled rule that, with probably a few exceptions, larceny necessarily involves a trespass, and there can be no trespass unless there is an actual or constructive taking of possession, and this possession must be entire and absolute. 3 Greenl. Ev. § 154. There must not only be such caption as to constitute possession or dominion over the property for an appreciable moment of time, but also an asportation, which may be accomplished by any removal of the property from its original *situs*. In this case the accused never had any dominion over, or possession of, the animal. To constitute larceny, the possession of the owner must be so far changed as that the dominion of the trespasser shall be complete, and it would seem that there can be no asportation, within its legal meaning, without a previous dominion. The facts presented do not constitute the offense of larceny. The appeal must be dismissed, and the order below should be affirmed.

HENDERSON, J., and BOREMAN, J., concurred.