The only exception taken in the case was to the charge of the court as to the sufficiency of the evidence as to the asportation.
The evidence as to this point was by one Alex. Woody, which was to the effect that he went to his field in which his flock of sheep were *Page 563 
grazing; the field contained about six acres, and in the field was an old outhouse; that he saw defendant in the house with three or four sheep, and saw him catch one of them; he rushed upon the house and the defendant leaped from a window and fled; the house contained but one room, 12 by 14 feet; some plank had been placed across the door to keep some of the sheep out of the house; when witness entered the house after the defendant fled, he found the planks differently arranged from the manner which they were when he last saw them, but still securing the door; some of the flock were outside of the house in the field; one of the sheep found in the house had been hobbled, by tying one of its forefeet to one of its hindfeet; witness found the hobble cut from one foot and attached to the other; there was evidence tending to show that the plank securing the entrance at the door had been taken down and put up differently. (735)
Upon the close of the evidence, the defendant's counsel asked the court to instruct the jury that there was not sufficient evidence of the asportation, and that they must return a verdict of not guilty. This the court refused to do, and the defendant excepted.
His Honor then charged the jury as follows:
"If they found the facts to be that the sheep of Alexander Woody were grazing in Woody's field, and the defendant drove them into the house and cut the cord attached to one of them, and caught the sheep, and had it under his control, and would have taken it away, with the intention of appropriating it to his own use, but for the reason that he was prevented from doing so by the arrival of Woody, and he then turned the sheep loose and jumped out of the window and made his escape, there was sufficient asportation and the defendant would be guilty."
There was a verdict of guilty, and from the judgment thereon the defendant appealed.
We are very clearly of the opinion that there was ample testimony to go to the jury upon the question of asportation. It is sufficient if the sheep were removed from the flock and were, even for an instant, under the control of the felon. S. v. Green, 81 N.C. 561; S. v. Jackson, 65 N.C. 305.
The testimony strongly tended to show these facts, and his Honor very properly refused to give the instruction asked for by the defendant.
Affirmed. *Page 564 
(736)