## STATE v. HITESMAN.

No. 3648.   Decided June 1, 1921.   (198 Pac. 769.)

1.  CRIMINAL LAW—JURY NOT REQUIRED TO ACCEPT DEFENDANT'S EXPLANATION OR TESTIMONY OF HIS WITNESSES AS TO POSSESSION OF STOLEN PROPERTY. Though a jury may not arbitrarily ignore or disregard credible evidence, it need not blindly accept every statement that one who is accused of larceny may make in his own exculpation in explanation of his possession of recently stolen property, and may refuse to give credence to such statements or to those of defendant's witnesses, if, in

view of all the facts and circumstances, they seem unreasonable or not well founded in fact.[1]

2. LARCENY—GUILT OF DEFENDANT IN WHOSE POSSESSION STOLEN CAR HAD BEEN FOUND HELD FOR JURY. In prosecution for automobile theft, in which defendant claimed to have purchased ·the car, which had been found in his possession, the question of defendant's guilt *held* for the jury.

Appeal from District Court, Third District, Salt Lake County; *H. M. Stephens,* Judge.

Fred Hitesman was convicted of grand larceny, and he appeals.

AFFIRMED.

*J. W. Rozzelle,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal Farr,* Asst. Atty. Gen., for the State.

FRICK, J.

The defendant was convicted of grand larceny, and appeals. Only one assignment of error is argued in the brief, namely, that the district court erred in refusing to direct the jury to return a verdict of not guilty.

The defendant was charged with having stolen a Ford car. The evidence, briefly stated, shows: That one Albert White owned the car in question; that on the 24th day of May, 1920, he was using it, and, at about 10 o'clock a. m. left it standing in front of one of the principal business establishments on Main street, in Salt Lake City, while he went into the establishment to transact some business; that after remaining in the establishment for about 20 minutes he returned to the street and found his car missing; that he did not see the car again until the 21st day of June following,

---

[1] *State* v. *Gurr,* 40 Utah, 162, 120 Pac. 209, 39 L. R. A. (N. S.) 320.

when he found it in defendant's possession; that when he inquired of the defendant respecting his possession the defendant claimed that he had bought it from a person, naming him, and that he had obtained a bill of sale for the car from such person; that when the bill of sale was produced it was from some person other than the one named by the defendant, and whom the defendant said he did not know, would not be able to identify, and did not know his whereabouts or business. The police officers were notified by Mr. White and the defendant was arrested and held for trial. At the trial, the foregoing, with other facts, were made to appear on behalf of the state. The defendant also produced evidence in his own behalf from which it was made to appear that he had bought the car and had paid for it perhaps about 60 per cent. of its value.

Nothing could be gained by stating the evidence in detail. It must suffice to say that, if the jury believed the evidence of the state and the legitimate inferences which they had a right to deduce from the facts and circumstances in evidence, then they were justified in returning a verdict of guilty. If, upon the other hand, the jury had believed the evidence of the defendant and his witnesses, they would have been justified in finding him not guilty. In this connection defendant's counsel, with some vigor, insists that some evidence was produced on behalf of the defendant which was not directly controverted or denied by the state, and that for that reason the jury had no right to ignore or disregard that evidence. The difficulty with counsel's contention is that when, as here, a defendant has it entirely within his own power to make certain statements or explanations concerning his possession of recently stolen property, and the state is powerless to meet the statements categorically, no one who would be willing to disregard the truth could be convicted of theft where there were no eyewitnesses to the taking. While the law is to the effect that a jury may not arbitrarily ignore or disregard credible evidence, but must consider all the evidence, they, nevertheless, need not blindly accept every explanation or statement that the one

who is accused of the larceny may make in his own
exculpation.   The jury, in considering all the facts
and circumstances in evidence, may refuse to give credence
to defendant's statements or explanations, or to those of his
witnesses, if such statements or explanations, in view of all
the facts and circumstances, seem unreasonable or not well
founded in fact.   Where, as here, property recently stolen
is found in the possession of the accused, it is for the jury
to say whether his explanations and statements respecting
that possession are satisfactory or otherwise.   See
*State* v. *Gurr*, 40 Utah, 162, 120 Pac. 209, 39 L. R. A.
(N. S.) 320, where the question is considered and the
authorities supporting the foregoing statement of the law
are collated.

A careful consideration of the facts and circumstances of
this case has forced upon us the conclusion that no preju-
dicial error was committed by the trial court, and that the
judgment should be, and it accordingly is, affirmed.

CORFMAN, C. J., and WEBER, GIDEON, and THUR-
MAN, JJ., concur.