## FRANK BLUMHOFF v. STATE.

No. A-4639.    Opinion Filed Jan. 31, 1925.
(232 Pac. 862.)

(Syllabus.)

1. **Larceny—Evidence Sustaining Conviction.** In a prosecution for the larceny of blacksmith tools, evidence held to sustain a conviction.

2. **Larceny—Truthfulness of Explanation of Possession of Stolen Property for Jury.** The truthfulness of an explanation of possession of stolen property, although uncontradicted must be determined by the jury.

3. **Same—Reasonableness of Explanation for Jury.** Whether an explanation respecting the possession of property recently stolen is reasonable or not, is ordinarily a question for the jury, the same as any other question of fact.

Appeal from District Court, Stephens County; Sam Jones, Judge.

Frank Blumhoff was convicted of larceny, and he appeals. Affirmed.

E. H. Bond, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, Frank Blumhoff,

was convicted of larceny, and in accordance with the verdict of the jury was sentenced to imprisonment in the penitentiary for a term of six months. He appeals from the judgment, and assigns as error that the verdict is not sustained by the evidence.

The information charges that the defendant, in Stephens county, on or about the 1st day of March, 1922, did take, steal, and carry away one blower, one vise, one set of dies, one horseshoer's apron, and two pairs of tongs of the value of $60, the personal property of G. W. Lunsford.

The evidence shows that G. W. Lunsford had a blacksmith shop in Oil City; that on the 10th day of February, 1922, he went to Mexia, Tex., leaving his shop in charge of G. W. Barker, his brother-in-law, and G. M. Lunsford, his son, that he returned to Oil City on the second day of April, and during the absence the property described had been stolen; that later he found this property in the possession of the defendant. He testified that the blower locked with a three-inch screw, that he put in there; that the vise had a molded handle that was broken, and he made and put the handle now on it; that the dies fastened with screws, one had come out, and he had substituted a bolt; that the property was of the value of $60.

J. S. Lunsford testified that he was with his father when the tools were found in the defendant's possession; that they were taken from his father's shop some time the last week in February, 1922. J. L. Parker testified that he had custody of the shop during the absence of Mr. Lunsford, did his own work in there, and the last day he saw the tools was the 23d day of February, 1922; that the shop was broken into by unfastening one of the doors. W. D. Davis identified said tools as the property of G. W. Lunsford.

On the part of the defense, J. W. Pippin testified that he came into the possession of two sets of blacksmith tools

as part payment of the rent of a lot, and produced a bill of sale from E. B. C. Wright, consideration $250, property described as "two complete blacksmith outfits now located on the J. W. Pippins lease at Oil City, Oklahoma," date, October, 1921; that he sold the tools to the defendant and the defendant's mother paid for them by check for $150, dated October 18, 1921. Mrs. Etta Blumhoff testified that she paid for a house and some blacksmith tools, giving one check for $100, and one for $150, dated October 18, 1921, payable to J. W. Pippin. J. L. Crotts testified that about the 15th day of November, 1921, he bought two tire shrinkers, a vise, anvil, and blower from the defendant, paying him $175 for the same.

It is a well settled rule that the truthfulness of an explanation of the possession of stolen goods, although not contradicted, must be determined by the jury. In 25 Cyc. 138, the rule generally prevailing is stated in the following language:

"Whether the explanation is reasonable is for the jury. And a reasonable explanation will not necessarily lead to an acquittal. Even if a reasonable account is given, the question of guilt is still entirely for the jury, and defendant is not entitled to an instruction that the prosecution must show the account to be false."

In State v. Gurr, 40 Utah, 162, 120 P. 209, 39 L. R. A. (N. S.) 320, Frick, Chief Justice, in discussing the probative force of an explanation made by the accused in whose possession recently stolen property was found, says:

"If counsel's contentions are correct, then the whole matter hinges on whether the explanation which the accused makes concerning his possession is in the judgment of this court reasonable or not. If the jury should find it unreasonable, but we should deem it reasonable, we would be compelled to reverse the findings of the jury. This would require us to pass upon the weight to be given to the testimony of the accused and his witnesses respecting the explanation, although the jury had seen and heard them testi-

fy, which we had not. Such a rule would, in effect, require the jury to believe or accept every reasonable explanation made by the witnesses, although in the judgment of the jury there were good reasons for disbelieving the statements made by them respecting the possession of the property. Counsel, however, contend that, if a reasonable explanation is made and we refuse to interfere, the jury can arbitrarily disregard every explanation, and thus convict innocent men. While it may be possible that a jury may err with regard to both the reasonableness and truthfulness of an explanation, yet such an error is possible with regard to any inculpatory fact which the jury must find from the evidence in order to convict the accused. The question, so far as this court is concerned, is not whether the jury ought to have found the accused guilty under the evidence, but the question is, Is there any substantial evidence to support the findings of the jury?"

The question of whether the explanation respecting the possession of property recently stolen is reasonable or satisfactory is ordinarily a question for the jury, the same as any other question of fact. If the evidence is such that all reasonable minds should arrive at the conclusion that the explanation is reasonable and satisfactory, then and then only does it become a question of law to be determined by the court. If, however, after a full, fair, and impartial consideration of all the evidence relating to the explanation, reasonable minds may differ and may thus arrive at different conclusions with regard to whether it is reasonable and satisfactory or not, the finding of the jury must control.

The defendant, Blumhoff, testified that he bought the tools in question from J. W. Pippin, October 18, 1921; that, when G. W. Lunsford came to his place and claimed the tools, he told him who he bought them from and showed him the bill of sale; that he had sold one set of the tools to Mr. Crotts; that he lived about three miles from Mr. Lunsford's shop.

In rebuttal E. B. C. Wright testified that he formerly had a blacksmith shop at Oil City and executed the bill of sale for the tools on Mr. Pippin's lease and sent it to Mijo Addison at Devol, that the tools he sold were placed in the building at least six months prior to the date of sale.

It is urged that, as there was no direct evidence that the defendant stole the tools, and that the only evidence relied on by the state is that the tools that the defendant had possession of were stolen, and that the defendant had made a reasonable explanation of his possession of the tools, which was corroborated by other witnesses which testimony was not denied, therefore the evidence is insufficient to sustain a verdict of guilty.

It is true that the defendant shows a bill of sale and a check which he gave to the witness Pippin for two sets of blacksmith tools, but it is wholly unexplained how it was possible for him to buy the alleged stolen tools some four or five months before they were stolen from the complaining witness, and there is no direct evidence that he bought the particular property alleged to have been stolen. On the trial of the case there was no motion for a directed verdict, and for the first time the sufficiency of the evidence was raised in the motion for a new trial.

Carefully considering the whole testimony in this case, we have no doubt of its sufficiency to justify the verdict. After a careful examination of the record we conclude that there was no error which could have been prejudicial to the defendant.

The judgment of the lower court is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.