## OSCAR WOLFE v. STATE.

No. A-5837.   Opinion, Filed July 23, 1927.
(258 Pac. 287.)

Anglin & Stevenson, for plaintiff in error.

George F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

DOYLE, P. J. Appellant, Oscar Wolfe, was convicted of the crime of grand larceny and in accordance

with the verdict of the jury was sentenced to imprisonment in the penitentiary for the term of one year. He appeals from the judgment and assigns as error that the verdict is not sustained by the evidence.

The information charges the theft of a Ford motor and block, front spring and rear axle, drive shaft, and hounding, of the value of $100, the personal property of Walter Summers.

The evidence shows that the Ford truck from which these parts were taken had been carried away from the home of the owner and left on the highway in a wrecked condition.

Boss Dawson, a farmer, testified that he saw appellant and his codefendant, Robert Johnson, dismantling this Ford truck and he stopped and purchased a part of the truck from them, giving a check for $2 for the cab part.

Another witness testified that he talked to Wolfe and Johnson on the day that they removed the parts in question from the truck and that they told him they had bought the truck for $5, but they could not identify the man who sold the truck to them. He further testified that the parts in question were worth between $100 and $150. Other witnesses testified to the same facts.

As a witness in his own behalf appellant testified that at the time he was arrested he was living in Wetumka, and was engaged in buying eggs in the country and small towns, usually at Lamar, and selling them at Wetumka; that he had noticed the truck on the side of the road several days while passing; that on the 11th day of April he and his codefendant, Johnson, were passing where the wreck was, and there was a man standing there looking at it; they asked him what he would take for the wreck, he said $5, and appellant

paid him for it; that they had a load of eggs at the time and did not load the wreckage on the car, but came back the next afternoon and dismantled the truck; that some one drove up and they sold him the cab and other parts for $2; that when they loaded it on the truck they thought they were the owners of it, because they had paid for it; that he bought the wreckage in order that he might get the back end to use on his truck.

Robert Johnson, codefendant, testified that, when they stopped at the place where the wreckage was, Mr. Wolfe went down to see if he could buy the rear; that, when Mr. Wolfe came back, he told him he had bought it for $5; that they came back the next afternoon for it, and when they were loading it on the truck they were arrested.

The rule repeatedly announced by this court is that it has no power to reverse a judgment of conviction upon the ground that the verdict is not supported by the evidence, unless there is no substantial evidence tending to show guilt of the defendant, or the evidence fails so far to support the verdict, that the necessary inference is that the jury must have acted from partiality, passion, or prejudice.

The question whether the explanation respecting the possession of property recently stolen is reasonable or satisfactory is ordinarily a question for the jury, the same as any other question of fact. If the evidence is such that all reasonable minds should arrive at the conclusion that the explanation is reasonable and satisfactory, then and then only does it become a question of law to be determined by the court. If, however, after a full, fair, and impartial consideration of all the evidence relating to the explanation, reasonable minds may differ, and may thus arrive at different conclusions as to whether it is reasonable and satisfactory or not, the find-

331

ing of the jury must control. Blumhoff v. State, 29 Okla. Cr. 97, 232 P. 862.

Carefully considering the whole testimony in this case, we have no doubt of its sufficiency to justify the verdict. After a careful examination of the record, we conclude that there was no error which could have been prejudicial to the appellant.

The judgment of the lower court is accordingly affirmed.

EDWARDS and DAVENPORT, JJ., concur.