284 P.2d 691

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Russell E. RICHARDS, Defendant and Appellant.**

No. 8279.

Supreme Court of Utah.

May 19, 1955.

Russell E. Richards, pro se.

E. R. Callister, Jr., Atty. Gen., for respondent.

McDONOUGH, Chief Justice.

Defendant was found guilty of an attempt to steal a sheep and was convicted of attempted grand larceny under the statutory definitions, U.C.A.1953, 76–38–4(3) and U.C.A.1953, 76–1–30, and sentenced to serve six months to five years in the penitentiary under U.C.A.1953, 76–1–31. His chief contention on appeal is that the evidence presented by the state was defective in that no sufficient proof was made of an intent to commit the crime.

Defendant was surprised in the sheep corral of one Pierre Giraud on the night of April 17, 1954, by the owner and his son-in-law, who were investigating the agitation of the sheep. They discovered him in a prone position near the fence of the corral and, according to their testimony, he was holding a large sheep by one of its hind legs. They saw marks in the dust of the corral which appeared to have been made by the dragging of some heavy object, extending 20 to 23 feet in length and ending at the place where the sheep lay near defendant. They pointed these marks out to the police officers who arrived in response to a call. The officers also testified that defendant was unsteady on his feet and that they thought him to be drunk at the time. Defendant, however, denies that he had anything at all to drink. The police searched him but discovered nothing more on his person than a pair of gloves and a package of cigarettes.

370.

, Appellant argues that inasmuch as he was a small man (about 140 pounds) and had in his possession no weapon with which he could have killed the animal nor any means by which to transport it from the corral, he could not have committed the larceny and hence cannot be convicted of an attempt.

■■ While there are a number of cases holding that where the consummation of the crime is apparently impossible, as for instance, where the means are clearly ineffective to reach the desired result the act is not indictable as an attempt, 22 C.J.S., Criminal Law, § 77, the defendant could have been charged with grand larceny, the completed crime, itself, in this instance. The drag marks in the corral, together with the fact that one of the sheep was in the possession of the defendant while others huddled at the far end, frightened by his entrance into the enclosure, were sufficient to establish an asportation. Any removal of the object from the place where the property is found has been held to be asportation to support a larceny charge. People v. Lardner, 300 Ill. 264, 133 N.E. 375, 19 A.L.R. 721 and cases noted at 19 A.L.R. 724; People v. Gillis, 6 Utah 84, 21 P. 404. Particularly, it has been held that the leading of a horse for any distance is an asportation, although it is not removed from the owner's enclosure, State v. Gazell, 30 Mo. 92; and that it was not necessary to show a removal from the lot of a mule in order to establish the taking, Delk v. State, 64 Miss. 77, 1 So. 9, 60 Am.Rep. 46; Garris v. State, 35 Ga. 247; and that it is sufficient if sheep were removed from the flock and were, even momentarily, under the control of the taker, State v. Gray, 106 N.C. 734, 11 S.E. 422.

■ This court has stated many times the rule to be regarded by the court as to the evidence necessary to prove intent in a larceny case. If the evidence is such that all reasonable minds should arrive at the conclusion that the taking was without felonious intent, then the question becomes one of law, and the verdict of guilty should be set aside. But if, after a consideration of all the evidence, reasonable minds may differ and arrive at opposite conclusions the finding of the jury must control. State v. Dubois, 64 Utah 433, 231 P. 625, State v. Peterson, 110 Utah 413, 174 P.2d 843; State v. Gurr, 40 Utah 162, 120 P. 209, 39 L.R.A.,N.S., 320.

■ Contrary to defendant's contentions, it is not necessary to establish lucri causa, that the accused intended to derive any benefit either for himself or for some other from the theft. State v. Allen, 56 Utah 29, 189 P. 84. The jury had before it his testimony that he had no use for the sheep and likewise the evidence that he had no means other than his strength in dragging the sheep to take it from the owner's premises. This, of course, was valid evidence bearing upon the question of intent and we cannot conclude that the jury did not consider it in arriving at the finding

of felonious intent. Although defendant claimed that he trespassed upon Giraud's property in order to avoid a longer route, he completely failed to explain what his motives were in capturing one of the sheep from the herd and dragging it across the corral. Defendant also stated, contrary to the evidence given by the police officers, that he had had nothing to drink; thus, the jury might believe him and find that he intended to do just what he did.

The evidence of intent is equivocal only because of the conceptual difficulty of attributing to the wrongful act any planned motive whatsoever. Considering his possession, dominion over the sheep, his lack of other explanation, and his stealth in the appropriation of the animal, the jury might well conclude that his intent was to deprive the owner of his property.

Judgment of conviction affirmed.

HENRIOD, WADE, and WORTHEN, JJ., concur.

CROCKETT, Justice.

I dissent. It seems to me that a consideration of all of the circumstances should cause all reasonable minds to reject the idea that the defendant attempted to steal the sheep; that a fortiori reasonable minds could not find him guilty beyond a reasonable doubt.

The physical facts point inescapably to the foregoing conclusion. The defendant was a small man (about 140 pounds) and obviously somewhat limited in his other capacities. It is unlikely that he could have carried such a large sheep. He had no other means whatsoever of transporting it. He had no weapon with which to kill it. From his manner of life and background, it is patent that he had neither the means nor the ability to butcher or make use of the sheep. The record shows plainly that the defendant, although 32 years of age chronologically, had not attained maturity in other ways. He is unable to adjust to working and supporting himself; depends on welfare; has never married and lives alone.

He was supinely submissive when the owner and son-in-law accosted him in the corral. The arresting officers said he offered some resistance to them and they admitted administering some punishment with a blackjack. Defendant said they repeatedly told him that he ought to "get out of town." The trial judge manifested awareness of defendant's social rejection when he stated that it is too bad there isn't some place between freedom and the prison where the defendant may be placed. Reflection upon the matter of the defendant's mental and emotional immaturity and lack of social adjustment may suggest some other motive for his being in the sheep corral, considerably less savory to contemplate than larceny. However unseemly such reflection may be, it should not cause us to close our minds to reality and place our stamp of approval upon a conviction for a crime which it

372

seems quite certainly was not committed, nor intended. It is elementary that the evidence of guilt *of the offense charged* must be so plain as to demonstrate the guilt of the defendant beyond reasonable doubt, and must exclude every reasonable hypothesis other than the guilt of such offense. The facts and circumstances disclosed by the evidence here fail to meet that test. I would reverse the conviction.