Joe Bradley SMITH and Myron Parker, Appellants,

v.

UNITED STATES of America, Appellee.

No. 17198.

United States Court of Appeals Ninth Circuit.

May 31, 1961.

Harry E. Claiborne, Las Vegas, Nev., for appellants.

Howard W. Babcock, U. S. Atty., and Raymond E. Sutton, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and WALSH, District Judge.

MERRILL, Circuit Judge.

This appeal is taken from conviction of the crime commonly known as bank robbery. 18 U.S.C. § 2113(b).[1] It challenges the sufficiency of the evidence to establish two elements of the crime: (1) the taking and carrying away of property; (2) the victim's lack of consent to the taking.

The government's principal witness was a teller at the Bank of Nevada at Las Vegas, Nevada. He testified that he had known both appellants; that Parker had been a fellow employee at the Bank of Nevada and that he had known Smith when both of them had worked at a Reno bank. The evidence leading up to the theft, as he related it, was as follows:

On the morning of March 31, 1958, while he was driving to work, appellant Parker passed him in his automobile and signaled that he wished to talk with him. He stopped and Parker stopped behind him. Parker came over to the teller's car, got in and they talked:

> "He asked me how chances were to rob my window. * * * I said I thought it would be pretty good. He asked me how much would be in my cash drawer and I told him I thought between eighty and ninety thousand dollars. * * * He said he wasn't coming in to rob it but that another guy would and we would meet at noon to talk about it some more."

The teller agreed to that arrangement and then reported the matter to the bank manager. He was told to go ahead with

1. "Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both * * *."

the arrangements and that the proper authorities would be notified.

At the noon meeting appellant Smith was present. It was agreed that Smith would come to the teller's window and hand him a one hundred dollar bill to be changed. The teller then would hand Smith a bundle of money which he would have prepared in advance. About two o'clock Parker telephoned the teller and advised that Smith would be in in about fifteen minutes. The teller reported to the manager and then took all the money in his cash drawer, $65,000, put it in a money bag and put the bag in a locked inner vault. Smith arrived, presented a one hundred bill and asked for change. The teller gave him change and then walked back to the inner vault, about sixty or seventy feet from his window, unlocked it, got the bag, returned to his window and put the bag on the counter in front of Smith. Smith put his hands on the bag and started to pull it toward him. He moved the bag a distance of two or three inches according to the teller; four to six inches according to another witness. At that point he was placed under arrest.

Appellant contends under these facts that a taking and carrying away of property has not been shown. He asserts that the money bag was not, under these circumstances, taken from the possession of the teller into the possession of Smith and carried away by Smith.

■ This contention is without merit. "The degree of the taking is immaterial, the least removing of the thing taken from the place it was before with intent to steal it being sufficient." Rutkowski v. United States, 6 Cir., 1945, 149 F.2d 481, 483. To the same effect are State v. Nelson, 121 W.Va. 310, 3 S.E.2d 530; Davis v. State, 41 Ariz. 12, 15 P.2d 242; Daugherty v. State, 154 Neb. 376, 48 N.W.2d 76; State v. Richards, 3 Utah 2d 368, 284 P.2d 691.

Appellants contend that since the bank submitted to and actively cooperated in the taking it has demonstrated its consent to the taking and that the element of trespass (a taking without the consent of the owner), essential to common law larceny, is lacking.

The United States contends that while trespass is necessary to the common law crime of larceny it is not necessary to the statutory crime of which appellants have been convicted. This issue we need not decide.

■ The bank never consented to the taking in the trespass sense. Knowing of appellants' felonious intent, it simply smoothed the way for the commission of the crime in order that the criminal might be apprehended. It was under no duty to prevent the crime nor to place obstacles in the way of its commission. We are not faced with any question of appellants' having been enticed into the commission of a crime. The scheme originated with them. The bank merely submitted to it. Any active participation was in complete accord with the plan and intent of appellants.

Appellants place reliance on cases which are readily distinguishable in that not only was possession voluntarily surrendered but the title or right to possession as well. Hite v. United States, 10 Cir., 1948, 168 F.2d 973, was a Dyer Act case in which the defendant had fraudulently misrepresented as his own an automobile turned in on the purchase of a new car. It was held that this did not constitute a trespassory taking. The court followed and quoted from Loney v. United States, 10 Cir., 1945, 151 F.2d 1, to the effect that in this type of case the victim "intends to and does part voluntarily with his title to the property, as well as his possession thereof, not expecting the property to be returned to him or to be disposed of in accordance with his directions." 151 F.2d 1, 4.

People v. Werner, 1940, 16 Cal.2d 216, 105 P.2d 927, was a case in which money had voluntarily been delivered for the purpose, known to the victim, of being used by the taker to bribe a public officer. Again the right to possession had been freely granted although for a criminal purpose.

In the instant case no party to the transaction had any thought that the

bank for any reason was granting to the appellants any right to possession of the money. We conclude that the taking constituted a trespass and was without consent of the bank.

Affirmed.