509 P.2d 351

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Frank DOHERTY, Defendant and Appellant.**

**No. 13051.**

Supreme Court of Utah.

April 20, 1973.

Larry N. Long, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young and William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The defendant was found guilty of the crime of grand larceny and he was thereafter sentenced to be incarcerated in the Utah State Prison. From the verdict and the judgment of the court defendant appealed.

On November 17, 1971, the defendant and one Clyde Cregger, who is named as the co-defendant in the information, entered a store in Murray, Utah, where the theft is alleged to have occurred. The two men were observed in the vicinity of a gun case and one of the store employees heard the gun case open and observed Cregger putting a pistol in his coat pocket. Cregger was pursued to the parking lot where a gun was recovered from Cregger's automobile. In the meantime other employees of the store approached the defendant and when the defendant was at the end of an aisle in the store the defendant took a pistol from his coat pocket and dropped it on a counter. The defendant did not succeed in removing the pistol from the premises.

The defendant employed counsel of his choice to represent him in these proceedings. After the trial had commenced defense counsel requested permission of the court to withdraw and for a continuance. The reason given by defense counsel was that the defendant had lost confidence in him and that he preferred not to proceed further with the defense. The court denied the motion and the trial proceeded to its conclusion.

Defendant is here seeking a reversal on two grounds: firstly, the court's denial of defendant's motion for a continuance and for permission of his counsel to withdraw, and secondly, that the evidence fails to show that the defendant took the gun with the intent to permanently deprive the owner of the same.

As to the defendant's first claim of error the record fails to show that the defendant was not competently and adequately represented throughout the trial by his counsel and there is nothing in the record to indicate that the court below abused its discretion in failing to grant the defendant's motion.[1] As to the defendant's second claim the record reveals that the issue of the defendant's guilt was submitted to the jury with accurate and complete instructions as to the law. There was a sufficient showing of asportation of the gun in question without the

1. Van Cott v. Wall, 53 Utah 282, 178 P. 42; State v. Mathis, 7 Utah 2d 100, 319 P.2d 134.

evidence showing that the defendant carried it beyond the check stand or from the premises.[2] The verdict is adequately supported by the evidence.

The verdict and judgment of the court below is affirmed.

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ., concur.

---

2.  State v. Petersen, 110 Utah 413, 174 P.2d 843; State v. Richards, 3 Utah 2d 368, 284 P.2d 691.