## Moore v. Commonwealth.

(Decided May 31, 1929.)

C. A. DENNY for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellant was convicted of the offense of grand larceny and sentenced to serve one year in the penitentiary.

We are of opinion that his motion for a peremptory instruction should have been sustained. The only evidence introduced was that of the commonwealth. It proved by Mr. J. S. Berry that in October, 1927, he bought a new Oldsmobile sedan; that in the early part of November, while it was parked on a street of Central City, it was stolen by some one; that the next he saw it was when it was found in a ditch beside a road near Greenville. When found it was in a very muddy condition. He also stated that his license number was Muhlenberg County 4099. At this point it is necessary to state, for the benefit of those who are not acquainted with the system of automobile license plates used in the state of Kentucky in the year 1927, that these license plates carried not only the year and the name of our state, but also the name of the county in which the automobile was licensed. The system of numbering began with No. 1 in each county, so that there were 120 No. 1's in the state, and so on; the numbers in any one county coming to an end when the number of automobiles to be licensed therein was exhausted. While this system was in effect, the only way of identifying any particular

No. 1, or any number common to more than one county, was by adding thereto the name of the county to which it belonged as shown on the license plate. The commonwealth also proved by the witness Bone that along in the early part of November, 1927, the appellant visited him at his home in Christian county in an Oldsmobile closed car. Whether this car was a coupe or a sedan is not shown by his testimony. Bone also stated that the car was in a muddy condition. However, that was probably the condition of most of the cars in that community at that season of the year. Bone could not testify whether the car was a new one or not, but it was his impression that the speedometer showed that the car had been run about 500 miles. He stated that the license number was either 9940 or 4099, but he would not swear which it was. Neither could he recall whether the license plate bore the name of Muhlenberg county or not. The witness Strater testified that he saw the appellant in the early part of November, 1927, in an Oldsmobile closed car, but he does not say what character of closed car it was. He said that the car was muddy and appeared to be a new one.

This is all the evidence upon which the commonwealth rested its case. While it is true that possession of stolen goods raises a prima facie presumption of their larceny on the part of the possessor (see Moore v. Commonwealth, 228 Ky. 643, 15 S. W. (2d) 434), yet of course there must be evidence to identify the property possessed by the accused as being that which was stolen. It is also well settled that while it is true that one may be convicted on circumstantial evidence, such evidence must do more than point the finger of suspicion at the accused. Pardue v. Commonwealth, 227 Ky. 205, 12 S. W. (2d) 288. The Attorney General in his brief very frankly states his doubts concerning the sufficiency of the commonwealth's evidence to sustain this verdict. We are of opinion that the evidence fails to identify the Oldsmobile car seen in the possession of the appellant as being the one belonging to Mr. Berry. This being so, there was no evidence upon which a conviction could be based.

The judgment is therefore reversed, with instructions to grant the appellant a new trial in conformity with this opinion.