## Divine v. Commonwealth.

(Decided October 2, 1931.)

TEAGUE & TEAGUE for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Buck Divine was indicted by the grand jury of Muhlenberg county for the crime of breaking and entering a storehouse, and on his trial he was convicted and sentenced to a term of three years in the penitentiary. He was charged with breaking and entering the storeroom of the Central City Lumber & Manufacturing Company, a corporation, in Central City, Ky., and taking therefrom certain paint brushes and other articles of value.

In the second count of the indictment it was charged that the appellant had been theretofore convicted of a felony. Under section 1130 of the Kentucky Statutes if a person is convicted a second time of a felony the punishment for which is confinement in the penitentiary, he shall be confined in the penitentiary not less than double the time of the first conviction, but judgment shall not be given for the increased penalty unless the jury shall find from the record and other competent evidence the fact of former conviction.

It is first insisted that the identification of the property which the owner claimed was stolen was not definite and certain, and that therefore the evidence was insufficient to sustain the verdict. The proof for the commonwealth showed that the storehouse of the Central City Lumber & Manufacturing Company was broken into some time in June, 1930. Several paint and varnish

brushes and probably other acticles were taken. Soon after the storehouse had been entered several paint brushes similar to the ones that had been taken were returned to the company. Two of them had been purchased by Nathan Tanner from the appellant. Tanner testified that when he purchased the brushes appellant told him if any one asked him about them to say that he had gotten them from Virgil Conery. It was shown that appellant had sold similar brushes to Shelby Stewart and Mrs. John Stobaugh. On direct examination Walter Barnes, manager of the Central City Lumber & Manufacturing Company, identified the brushes recovered from Nathan Tanner, Shelby Stewart, and Mrs. John Stobaugh as the ones that had been taken from the company's storehouse. On cross-examination he admitted there were no distinguishing marks on these brushes by which he could identify them as the property of the company, except that they were similar to the paint and varnish brushes carried in stock by the company and that no other dealer in Central City carried a like brand of brushes in stock.

Appellant introduced no witness in his own behalf, but his own affidavit was read in which he stated that his mother was unable to be present on account of illness, but, if present, she would testify that he lived in her home in Muhlenberg county during the month of June, 1930, and that he was not in Central City during that month. It is argued that the identification of the stolen articles was not definite and certain and that the evidence was not sufficient to sustain the verdict. There were circumstances, however, from which the jury might reasonably infer that appellant was guilty, and under all the facts they were warranted in returning the verdict complained of.

Appellant's next contention is that the admission of certain evidence was prejudicially erroneous. In order to procure an instruction under the second count of the indictment the commonwealth introduced as a witness the clerk of the Muhlenberg circuit court and sought to prove by him the former conviction pleaded in the second count of the indictment. The records of the former trial were introduced, which showed that appellant had been convicted at the April term, 1930, of the Muhlenberg circuit court of the crime of grand larceny and sentenced to the penitentiary for a period of three years. On the cross-examination of this witness it was developed that

a motion and grounds for a new trial had been filed and that an appeal from the judgment in that case was pending. The court therefore gave no instruction under the second count of the indictment, but it is insisted that the evidence was incompetent and highly prejudicial. This evidence was introduced under a count of the indictment which aptly charged that the accused had been theretofore convicted of a felony. The evidence introduced by the commonwealth was competent until it developed that an appeal was pending and that the judgment had not become final. Had the appellant then requested the court to admonish the jury not to consider this evidence, the court no doubt would have complied with the request, and properly so; but no such request was made. The court did ignore this evidence, however, in instructing the jury, and under the cirumstances no prejudicial error was committed.

The judgment is affirmed.