## Spaulding v. Commonwealth.

(Decided Oct. 21, 1932.)

S. M. MAYNARD for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Keither Spaulding appeals from a judgment sentencing him to confinement in the penitentiary for the period of one year and a day for housebreaking. His chief complaint is that the evidence does not sustain the verdict.

The store of Edgar Cassell was broken into on the night of June 6, 1931, and numerous articles of merchandise were stolen, including eight pairs of shoes, a 25-pound bag of coffee, a can of lard, twelve cans of salmon, a box of candy, eight sacks of flour, one box of Brown's Mule tobacco, twelve pairs of overalls, and several shirts. Cassell's store was located in Martin county near the West Virginia line, and appellant lived a few miles away in Mingo county, W. Va.

On June 8, 1931, Cassell went to Mingo county, W. Va., procured a search warrant and had appellant's house searched. The officers making the search found in appellant's home four pairs of shoes, one pair of overalls, two shirts, six cans of salmon, one-half can of lard, 30 plugs of Brown's Mule tobacco, 1 sack of flour, and two bars of candy, which Cassell identified at the

time as property that had been stolen from his store on the preceding Saturday night.

It is argued that Cassell in his testimony given on the trial of the case failed to identify the alleged stolen articles definitely and certainly, and that the evidence therefore failed to connect appellant with the crime, and was insufficient to sustain the verdict. Cassell testified that all the articles found in appellant's home were similar to the ones taken from his store. The shoes bore the same stock numbers as did the boxes from which they had been removed and which were left in the store by the thieves. The brands had been removed from the cans and from the shirts and overalls found in appellant's possession, but Cassell stated that all of these articles were similar to the ones that had been stolen. He positively identified one pair of tan shoes found in appellant's possession which had been on display in the store. The identification of the stolen articles was more definite and certain than in the case of Divine v. Commonwealth, 240 Ky. 302, 42 S. W. (2d) 330, and we there held that the evidence was sufficient to sustain the verdict.

The appellant was not at home when the search warrant was executed, but returned a few hours later. He left that night or the following morning, and went to Columbus, Ohio, and from there to Newport, Ky., where he was arrested some time in July. He claimed that he purchased the articles found in his possession from Paul Daugherty on the day before his house was searched. Daugherty had the articles in an automobile, and sold him the lot for $8. Daugherty appears to have been a mysterious personage. No other witness knew him, and appellant admitted that he did not know where Daugherty lived nor what his occupation was, nor where he was at the time of the trial. There were circumstances in addition to the possession of the stolen goods by appellant which pointed to his guilt, and, taken as a whole, the evidence was amply sufficient to sustain the verdict.

Appellant finally contends that the evidence obtained as a result of the search of his premises was not competent and should not have been admitted because the search warrant was defective, in that it did not sufficiently describe the premises to be searched. At appellant's insistence, the search warrant was intro-

duced in evidence, but not a single objection to any of the evidence was made on the ground that it was incompetent by reason of having been obtained as the result of an illegal search. The evidence having been admitted without objection, the appellant cannot now for the first time raise the question of its competency.

The judgment is affirmed.