# STATE v. KAPPAS et al.

No. 6177.  Decided June 14, 1941.  (114 P. 2d 205.)

*N. J. Cotro-Manes*, of Salt Lake City, for appellant.

*Grover E. Giles*, Atty. Gen., *Zar E. Hayes*, Asst. Atty. Gen., and *B. E. Roberts*, of Salt Lake City, for respondent.

LARSON, Justice.

The defendants, Sam Kappas and George Katsarelis, were convicted of the crime of grand larceny, and the defendant Kappas appeals. The information charged them with the stealing of 80 lambs from E. P. Bastian and W. L. Bastian on the 15th day of November, 1938, in the County of Salt Lake.

The evidence to support the charge was, briefly, as follows: The Bastians, who owned a herd of sheep, counted them at their ranch at Lark, Utah, on the 10th of November. Later, their herder, Fred Chavis, missed a marker, so another count was made between the 15th and the 25th of the same month. 112 sheep were missing. On December 30th, E. P. Bastian, Sheriff Alma White of Tooele County, and others went to the defendants' camp at Skull Valley. Bastian identified some of the lambs in the defendants' herd as his own, since they were a distinctive kind of sheep. These lambs had a fresh red paint brand on them and under this paint the remnants of a brand in black paint could be seen. Bastian testified that the black paint formed his brand, a B-bar. The fresh red paint formed a blotch rather than a red circle p, the defendants' brand. A paint can and stick with red paint on it were found at the defendants' camp. The defendants' ear markings on the lambs in question were also fresh,—and appeared to have been made by a process of burning the ears rather than cutting them. When asked who owned the sheep, both defendants claimed ownership, and said they had raised them

in Bingham. About 150 lambs and sheep, with fresh ear markings, and black paint under the red paint, were placed in a corral at the nearby James ranch.

The herder, Fred Chavis, testified that he recognized Bastians' sheep among those of the defendant, because being familiar with sheep he could accurately identify them. Among those so identified by the herder was the missing marker. Thirty-three lambs claimed by the Bastians were so taken out of the defendants' herd. The testimony of E. P. Bastian, Fred Chavis, the herder, Alma White, the sheriff of Tooele County, Lee Richardson, deputy sheriff of Salt Lake County, and John Papadopulas, was consistently in accord with the facts as above enumerated, concerning the evidence that the crime of larceny had been committed.

Both defendants testified that they did not know there were any stray or stolen sheep in their herd. Their testimony was to the effect that defendant Katsarelis and Pete Petchios were the owners of the sheep, and that the defendant and appellant, Kappas, was merely the camp tender. Yet they admitted that the appellant signed a mortgage on the sheep, arranged for the leases, sold the lambs in Omaha, bought material and equipment for the outfit, and signed the government grazing certificate of count as the man in charge of the herd. (A copy of this certificate was received as evidence.) So, from this evidence the jury was justified in believing that the appellant Kappas' interest in the sheep was greater than that of a mere camp tender.

Section 103-36-1, R. S. U., defines larceny as follows:

"Larceny is the felonious stealing, taking, carrying, leading or driving away the personal property of another. Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt."

Appellant, Kappas, claims that there is not sufficient evidence of the commission of the crime charged. The jury found otherwise. It was established to the satisfaction of

the jurors that the lambs claimed to have been stolen according to the information were missing between the 10th and the 25th of November, and were found in the possession of the defendants the 30th of December. The State's evidence showed that a satisfactory explanation of the possession of these lambs was not given. Contrary to appellant's contention, there was sufficient evidence to support the verdict and judgment rendered against the appellant.

John Papadopulas testified that he missed some sheep from his herd on December 28th and retraced the herd's tracks in the snow in his search for them; that he found traces of sheep tracks and the footprints of two men leading them from the place that had served as a bedding-ground for his herd; that he followed these tracks until they mingled with the prints of the sheep herded by the defendants; and that when he arrived at the defendant's camp the defendants were there together. He further testified that he recognized a certain marker as well as a number of other sheep as his own; that the brands and ear-marks on these sheep were fresh; that the red paint covered black brands, and that his brand was a black circle-dot. This witness had gone with the sheriffs and the Bastians to the defendants' camp when the recently marked sheep were taken out of the defendants' herd. Sheriff White testified to substantially the same facts.

Appellant contends that the admission by the trial court of the evidence concerning a subsequent offense was prejudicial and sufficient reason for a reversal. The footprints of the two men with the wandering sheep had led to the camp where appellant and the other defendant were with their sheep. The evidence was not admissible to show another crime but was admissible to show that the two men were acting together, and that the appellant's knowledge of the actual sheep in the herd was not limited to what he might learn as a hired camp tender,

who would be only incidentally concerned with the size or welfare of the herd.

On the question of proof of other offenses, the rule is that a defendant, on trial for a certain offense, must be convicted if at all by evidence showing he is guilty of that offense alone, and proof of his commission of other unconnected crimes must be excluded. Exceptions to the rule are found in such situations as those in which the prosecution is permitted to prove the identification of the accused, motive, intent, plan, or knowledge. Where a felonious intent is a necessary element of the crime charged, proof of other activities may in some cases be admitted to show guilty knowledge and that the act was not done innocently or by mistake. And it is also competent to show that the offense charged was part of a common scheme which may include one or more other offenses. In the present situation, the appellant claimed he did not know there were any stolen or stray sheep in the herd, and was unaware of the facts surrounding the branding and ear marking of the sheep in question. The evidence of the subsequent offense tended to show that the appellant must have known that there were stolen sheep in the herd and that his interest and activities were not merely those of a hired camp tender. Such evidence was admissible to show that the two men were associated together in the management of the herd, and that the control was mutual. The evidence concerning the stealing of the Papadopulas sheep and the fact that they were found in the defendants' herd are evidence of guilty knowledge on the part of the appellant. Evidence may be admitted to show guilty knowledge and the weakness of the defendant's explanation, as in the case of property stolen from more than one owner and found in the defendant's possession. *State* v. *Gillies,* 40 Utah 541, 123 P. 93, 43 L. R. A., N. S., 776; *State* v. *Anderton,* 81 Utah 320, 17 P. 2d 917. We quote with approval from the case of *State* v. *Morris,* 90 Or. 60, 175 P. 668, 670, in which the Oregon Court admitted evidence of the changed brands

of animals other than the one claimed to be the subject of the larceny charged. It was held that error was not committed, the Court saying:

"As a general rule, evidence of other crimes is not admissible; but, where the evidence tends to show the commission of a system of crimes by unusual methods, it is admitted. In the case at bar, a single instance of rebranding might be attributed to a mistake as to the ownership, or to accident, or carelessness in branding in the first instance, and, in order to show system, motive, and intent, the evidence was competent. *State* v. *O'Donnell*, 36 Or. 222, 61 P. 892; *State* v. *Germain*, 54 Or. 395, 103 P. 521; *State* v. *La Rose*, 54 Or. 555, 104 P. 299; *State* v. *McClard*, 81 Or. 510, 160 P. 130."

Finding no prejudicial error in the trial of this case, the judgment is affirmed.

MOFFAT, C. J., and WOLFE, McDONOUGH, and PRATT, JJ., concur.