## STATE v. BROOKS.

No. 6424. Decided June 22, 1942. (126 P. 2d 1044.)

See 36 C. J. Larceny, sec. 427; 32 Am. Jur., 1052.

*George S. Barker,* of Ogden, for appellant.

*Grover A. Giles,* Atty. Gen., *A. John Brennan* and *Herbert F. Smart,* Deputy Attys. Gen., and *H. A. Sjostrom,* of Logan, Dist. Atty., for respondent.

LARSON, Justice.

Frank Brooks was convicted of grand larceny and appeals. He urges a reversal upon two grounds: (1) The evidence is insufficient to connect appellant with commission of the larceny; and (2) The evidence does not justify a holding that the property exceeded $50 in value.

In June, 1941, appellant with two companions went on a fishing trip in a truck owned by appellant. They parked the truck on the bank of the Little Bear River, near a bridge, in Cache County, and started fishing. Shortly after Max Thompson and his wife, also on a fishing trip, parked their car by the side of the road near appellant's truck. The Thompsons locked their car and went up the river fishing. At that time appellant and one of his companions were fishing from the river bank near the truck. About half an hour later Thompsons returned to their car and found someone had broken into it and a number of articles had been stolen. Appellant's truck had been moved from where it was when Thompsons parked, to a point on the other side of the river, and not visible from the Thompson car or from the bridge.

Thompsons entered their car and drove over the bridge. They saw appellant standing by his truck. Mr. Thompson asked appellant if he had seen anyone around there because their car had been broken into. Appellant answered that he had seen no one. While this conversation was taking place, Mrs. Thompson left their car and walked around the truck. Seeing some of the missing property protruding from under a quilt in the truck she said: "Here is our property." Appellant acted confused and jumped over the fence and disappeared into the brush. As he crossed the fence he said something Thompsons did not understand, but at the trial he testified that what he said was that he was going to find out who put it there. Appellant was next seen about three miles distant walking away from the river and told the sheriff he was hitch-hiking back to Ogden. All the Thompson's missing property was found in appellant's truck, except a lady's large purse found in the weeds by the side of the road, and about $25 in cash. A small purse which had been inside the large one was found between the cushions of the truck seat. Appellant, when arrested about two hours after fleeing from the truck, had $21.60 on his person. Appellant denied any knowledge it was in his truck, and claimed the money he had was from a pay check he had received the previous day. Let us now consider the first proposition urged by appellant.

The argument on this point turns on 103-36-1, R. S. U. 1933, which defines larceny and then provides:

"Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt."

Independent of statute the authorities are divided into two groups. One line of authorities holds that from proof of the recent larceny and possession in the accused the jury is warranted in finding that the possessor stole the property.

The other line of thought holds that a verdict of guilty may not be predicated merely upon proof of a larceny and

possession of the stolen property by the accused but may be predicated upon those facts coupled with the fact that the accused made a false or unreasonable, or improbable, explanation or some explanation not consistent with innocence; or that when called upon to explain his possession, or when he should have spoken he remained silent. By enacting the statute quoted above this state committed itself to the latter or stricter rule. *State* v. *Converse,* 40 Utah 72, 119 P. 1030; *State* v. *Potello,* 40 Utah 56, 119 P. 1023; *State* v. *Bowen,* 45 Utah 130, 143 P. 134; *State* v. *Laris,* 78 Utah 183, 2 P. 2d 243; *State* v. *Gurr,* 40 Utah 162, 120 P. 209, 39 L. R. A., N. S., 320; *State* v. *Bruno,* 97 Utah 33, 35, 92 P. 2d 1103.

In the present case there is no dispute as to the larceny, and that the property was found just after the theft in the possession of appellant—that is, it was found in appellant's truck while the truck was where appellant parked it after moving it from the place it was parked when Thompsons left their car just before the theft. And when the property was found in the truck appellant was present by the truck. When the stolen property was found in the truck appellant jumped the fence and disappeared in the brush. He was next seen three miles away walking away from the truck and stolen goods. Possession under this statute means a "conscious possession." If property is in one's technical possession, implied possession by being found on one's person or property, but such person is unaware that the article is on his person or property, he does not have a possession as is covered by the statute. The question of his knowledge, of his consciousness of possession, where denied, is for the jury to determine from all the facts and circumstances, if there is evidence from which it can so find. Here there is ample evidence for a finding that appellant was knowingly in possession of the property.

But what about appellant's explanation? Was it satisfactory? What is the meaning of "satisfactory" as used in the statute? Who determines whether the explanation is satisfactory? The statute says,

"when [defendant] fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt."

In *State* v. *Barretta*, 47 Utah 479, 155 P. 343, 347, we held that the question of whether a prima facie case has been made, what is or is not a prima facie case, was one of law for the court, and the jury had nothing to do with the question.

"They, to convict, are required to find the accused guilty beyond areasonable doubt. If they do not find, they are required to acquit regardless of whether a prima facie case was made or not."

Of course if the facts which the statute declares make a prima facie case alone are sufficient to convince the jury of defendant's guilt beyond a reasonable doubt, they may convict him upon that evidence. But if they are not so convinced, they may acquit him even though all those matters are not disputed at all. If a prima facie case has not been made the court should not submit the matter to the jury. If a prima facie case has been made the court submits to the jury the question of defendant's guilt. *State* v. *Barretta*, supra; *State* v. *Potello*, supra; *State* v. *Bruno*, supra. As developed so well in the Potello case proof of larceny and of recent possession does not justify submission of the case to the jury. There must be one more element, failure of defendant to make a satisfactory explanation of that possession. As shown above that may even be supplied by defendant having made a false or unreasonable, or improbable, explanation, or an explanation not consistent with innocence. Where this element is necessary to make a case that can go to the jury it necessarily follows that the question as to whether defendant "fail[ed] to make a satisfactory explanation" is one for the court to determine. If defendant has not made an explanation satisfactory to the court the case should go to the jury; if he has made a satisfactory explanation, the state has not established a prima facie case and the cause should not go to the jury. *State* v.

*Potello,* supra. The jury does not determine when the explanation is satisfactory. They determine whether on all the evidence in the case they are convinced beyond a reasonable doubt of defendant's guilt. An explanation may be very satisfactory to the jury and yet defendant be found guilty because the other evidence may, notwithstanding, convince them beyond a reasonable doubt of his guilt. *State* v. *Gurr,* supra. So, too, the explanation may be unsatisfactory, and proved or admittedly false, and yet the jury may acquit because they are not convinced beyond a reasonable doubt of defendant's guilt. *State* v. *Trosper,* 41 Mont. 442, 109 P. 858. It is evident therefore that the satisfactoriness of defendant's explanation or failure to explain, as far as the statute is concerned, is for the court and not for the jury.

What then is the meaning of satisfactory as used in the statute? Webster defines satisfactory as: Relieving the mind from doubt or uncertainty; yielding content; adequate for the purpose; serving to allay the demands of a challenger or questioner. See, also, *Shriver* v. *Union Stock Yards National Bank,* 117 Kan. 638, 232 P. 1062, 1066. It is a statement which enables the mind to rest thereon with confidence. *Pittman* v. *Pittman,* 72 Ill. App. 500; *State* v. *Trosper,* supra. It is satisfactory when of such a nature that a court or jury, as men of ordinary intelligence, discretion, and caution, may repose confidence in it. *Jackman* v. *Lawrence Drilling & Development Co.,* 106 Kan. 59, 187 P. 258. It does not mean beyond a reasonable doubt, but it should not be ambiguous, equivocal, or contradictory; it should be perspicuous, and cause the mind to repose confidence in it. *American Freehold Land Mfg.* v. *Pace,* 23 Tex. Civ. App. 222, 56 S. W. 377; sufficient for a reasonable person acting in good faith, *Secklir* v. *Penney,* 148 Misc. 807, 266 N. Y. S. 327. Adequate and sufficient to convince a reasonable person; sufficient to produce a belief that the thing is true or to justify the court in adopting the conclusion in support of which it is adduced. *Walker*

v. *Collins,* 8 Cir., 59 F. 70, 8 C. C. A. 1; and to cause a reasonable person under all the circumstances to believe in its sufficiency; it is such an explanation that the court is persuaded in its own mind thereby, that the possession is lawfully accounted for.

Where defendant's explanation is not such as to meet these requirements, is not such as to persuade the mind of the court to repose sufficient confidence therein, to relieve the mind from doubt or uncertainty and allay the question or doubt in the mind of the court, it is ■ proper to submit the cause to the jury, to determine, not the satisfactoriness of defendant's explanation but the question of his guilt in the light of all the evidence including his explanation if he made any. The question having been addressed to the judgment of the trial court, we certainly cannot say it should have been persuaded by defendant's statements that he knew nothing about the goods being in his truck.

Is there sufficient evidence that the value of the property was in excess of fifty dollars?

We have examined the record and find evidence from which the jury could well find beyond a reason- ■ able doubt that the value of the property stolen exceeded $50.

Finding no reversible error, the judgment is affirmed.

MOFFAT, C. J., and McDONOUGH, J., concur.

WOLFE, Justice (concurring).

I concur. I have only one thought to add. The test of what is a satisfactory explanation is not for us but for the trial court first and then, if submitted to the jury, for the jury to be considered as part of all the evidence as to guilt or innocence. Hence, if reasonable men could differ as to whether the explanation according to the tests laid down in the opinion were satisfactory or not, we should not disturb the decision of the trial court on that question. The

first Bruno case, which of course was recalled by the second opinion on rehearing, was definitely in error in holding that this court could say as a matter of law that the explanation given by Bruno was satisfactory. The second opinion however corrected that error.

PRATT, J., on leave of absence.