407 P.2d 576

STATE of Utah, Plaintiff and Respondent,

v.

Leslie D. PAPPACOSTAS, Defendant and Appellant.

No. 10234.

Supreme Court of Utah.

Nov. 3, 1965.

Jimi Mitsunaga, Public Defender, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

WADE, Justice:

Defendant Pappacostas appeals from a jury verdict convicting him of grand larceny of the Salt Lake Pehrson Hardware Store on January 7, 1964. On opening the store that morning, holes were found in the walls; boxes containing guns and other goods the night before were found empty; and the store torn up and the goods taken. The business records of the store showed that a number 357 magnum pistol worth $115 had not been previously sold but was missing from the store after the robbery.

On January 10, 1964, three days after the store was robbed, a Las Vegas, Nevada officer was alerted to watch for a 1963 Ford car with recently changed license plates. The officer observed such a car and in inspecting the license of the driver, Mr. Anderson, noted a concealed 22 caliber pistol and placed the four occupants of the car, including the defendant, under arrest. Thereupon the Nevada officer found several other guns in the glove compartment of the car, including the 357 magnum pistol missing from the Salt Lake Pehrson Hardware Store. The defendant Pappacostas, upon seeing the 357 magnum pistol, claimed it belonged to him by purchase at a bar several months earlier.

Section 76–38–1, U.C.A. 1953 provides:

Definition.—Larceny is the felonious stealing * * * or driving away of personal property of another. Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt.

Appellant contends 1) that the evidence was not sufficient to support a conviction of grand larceny, 2) that the court erred in giving and refusing to give requested instructions to the jury, and 3) that the court erred in refusing to suppress evidence obtained without a search warrant. We find no merit to these contentions.

1) The evidence was sufficient to support the conviction under Section 76–38–1, U.C.A.1953. The State's evidence shows that this 357 magnum pistol was in the store when the store was broken into. There is no evidence that this pistol had been previously sold. The defendant asserted ownership and possession of this pistol by claiming it belonged to him by purchase at a bar several months earlier,

but he produced no substantiating evidence of that explanation. The Nevada officer, within three days after the larceny, was alerted to look for a 1963 Ford car with recently changed license plates, and picked up this car. The defendant's explanation was not satisfactory for it was not corroborated by any evidence either directly or circumstantially.

We have repeatedly held that whether the evidence under Section 76–38–1 is sufficient to sustain a conviction because of possession of recently stolen property is one of law for the trial court first to determine by deciding whether to submit the case to the jury, and that instructions to the jury on that statute may not be necessary and could be erroneous but nonetheless may not be prejudicial.[1] If the case was submitted to the jury, the jurors' problem would be to determine whether the evidence convinced them beyond a reasonable doubt of defendant's guilt. Instructions explaining that evidence of the recent possession of stolen property is sufficient for a conviction would violate our rule against the court commenting on the evidence.[2] Generally, we have held that such commenting on the evidence was not prejudicial. Here the possession of the 357

magnum pistol asserted by defendant's claim to have previously purchased the pistol at a bar meets the requirements of the above cited cases that the possession of the accused must be a personal, exclusive, conscious assertion of possession of the property recently stolen. Defendant definitely claimed this pistol was his by a prior purchase at a bar. The making of such a claim clearly meets those requirements.[3]

2) As already pointed out, instructions on possession of recently stolen property are generally held to be erroneous, being in violation of our rule against the court commenting on the evidence. The instructions here given do not specifically point out that the defendant's possession must be personal, exclusive, and conscious but his assertion of ownership of the pistol by a previous purchase clearly is the assertion of possession which would be exclusive, personal and conscious in its nature. So we find no prejudicial error in these instructions which would confuse the jury.

3) There was no error in the court's refusal to suppress the evidence, because the license of the driver of the

1. State v. Brooks, 101 Utah 584, 126 P.2d 1044; State v. Barretta, 47 Utah 479, 155 P. 343; State v. Hall, 105 Utah 151, 139 P.2d 228; State v. Crowder, 114 Utah 202, 197 P.2d 917; State v. Kappas, 100 Utah 274, 114 P.2d 205; State v. Peterson, 110 Utah 413, 174 P.2d 843.

2. See cases cited in note 1. Also U.R.C.P. Rule 51.
3. State v. Kinsey, 77 Utah 348, 295 P. 247, 248; State v. Dyett, 114 Utah 379, 199 P.2d 155; State v. Barretta, 47 Utah 479, 155 P. 343.

car was examined and the stolen goods found without a search warrant. The Nevada officer undoubtedly had a right to inspect the driver's license. Since the license plates on the car, as it turned out, had been recently changed, a misdemeanor was being committed in the officer's presence. Thereupon the console of the vehicle was opened and the officer observed a concealed, loaded 22 caliber pistol. Las Vegas City Ordinance prohibits the owner or operator of a motor vehicle from carrying concealed weapons in a vehicle. Thus the arrest was proper because the ordinance was being violated in the officer's presence.

Section 482.275, Nevada Revised Statutes, required the license plates issued for a motor vehicle to be attached to the automobile. Here the license plates for this car were not attached to the vehicle. Thus another misdemeanor was being committed in the presence of the Nevada officer. He was therefore authorized to make a search and seizure without a search warrant.[4]

We find no reversible error.

HENRIOD, C. J., concurs.

CROCKETT, Justice (concurring specially).

■ I concur in affirming the conviction but desire to make these comments: In regard to the question of instructing upon the subject of recently stolen property, to which Sec. 76–38–1, U.C.A.1953 applies, I agree that the jury is not concerned with determining when the State has made a prima facie case. That is for the court and it is the jury's responsibility to determine the guilt or innocence of the defendant. However, I think that under some circumstances it may be both advisable and correct for the trial court to instruct the jury in simple and concise language on the subject dealt with in that statute.

■ The determination of the facts should be scrupulously left to the jury. They could be told that if they believe from the evidence beyond a reasonable doubt that the property had been recently stolen; that it was found in the possession of the defendant; and that when afforded an opportunity, he gave no satisfactory explanation of his possession, then if it so appeals to their minds they may draw an inference that the defendant committed the larceny, which inference might be considered by them along with all the evidence in the case in determining whether they were convinced beyond a reasonable doubt of the defendant's guilt. See State v. Hall, 105 Utah 162, 145 P.2d 494; State v. Crowder, 114 Utah 202, 197 P.2d 917; and Farley v. State, 93 Okl.Cr. 192, 226 P.2d 1002. Handling the matter in this manner advises the jury what the law is, but in my judgment

4. State v. Dodge, 12 Utah 2d 293, 365 P.2d 798.

does not constitute a comment on the evidence, nor otherwise invade the province of the jury.

McDONOUGH and CALLISTER, JJ., concur in the views expressed by CROCKETT, J.