**M. N. ALEXANDER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 8, 1970.

Joseph S. Freeland, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

The sole issue raised on this appeal is whether the evidence for the prosecution sufficiently established the ownership and identity of property alleged to have been stolen to support a conviction for knowingly receiving the property in question.

The appellant, M. N. Alexander, as a result of a jury trial, was convicted of knowingly receiving stolen property (KRS 433.-290), and was sentenced to a term of two years in a penitentiary. The property that Alexander was accused of knowingly receiving was a quantity of coins described as "Mercury"[1] dimes. The Commonwealth asserted that this property was part of a coin collection or inventory of merchandise that belonged to William Schroeder. Schroeder was a collector of and a dealer in such coins.

The residence of Schroeder was broken into and there were stolen therefrom approximately 80 plastic tubes containing the "Mercury" dimes. Some of the tubes were full to the top and contained 50 to 70 dimes, but other tubes had as few as 10 to 12 dimes in them. Each of the tubes stolen contained dimes of a certain year and mint mark which were used by Schroeder as a working supply in assembling the complete sets.

Eleven days after the robbery, Schroeder was shown a black leather shaving kit with 23 plastic tubes containing dimes and a smaller plastic box also containing dimes that had been taken on the same day by a police officer from a man named Pettit who had in turn obtained them the day before from Alexander. There were a total of 926 dimes in the plastic tubes and the box. All of the dimes were "Mercury" dimes with the possible exception of a single Roosevelt dime. Schroeder made positive identification of one of the dimes taken from the plastic box as a "1917 S." This particular coin had belonged to him for a number of years and was readily

1. A "Mercury" dime is a U. S. coin issued from 1916 to 1945 with a picture of the head of Mercury imprinted thereon.

identifiable because it had a solder loop on the back of it. Schroeder also made positive identification of the 23 plastic tubes as being a part of the number of tubes stolen from his home. This identification was based on the fact that he had cut a slot at the top of each tube and had also attached a sticker to each of them. Schroeder admitted that he could not make positive identification of each of the other 924 "Mercury" dimes found in the plastic containers because "I did not look at them for particular markings."

Alexander makes the sole argument that the evidence introduced in his trial was insufficient to establish that the stolen property and the property found in his possession were the same. He concedes that possession of stolen property is considered prima facie proof of knowingly having received it; he asserts, however, that it must be proven that the property found in the defendant's possession was the very property that had been stolen.

■ Appellant relies only upon the case of Moore v. Commonwealth, 229 Ky. 765, 17 S.W.2d 1021 (1929), in support of his argument. That case involved the theft of an automobile. The owner of the automobile that had been allegedly stolen testified that his automobile was a new car and had a particular license number. Under the system of licensing automobiles then in effect, the license plate carried not only the year and the name of our state but also the name of the county in which the automobile was licensed. The system of numbering began with "1" in each county, so that there were 120 number "1's" in the state, and so on. The evidence for the prosecution showed no more than that the defendant was in possession of an automobile of the same make as the one alleged to have been stolen. The witnesses for the prosecution were unable to state whether the defendant was seen driving a new car or an old car, a coupe or sedan; nor could they remember the car license number, or the name of the county imprinted on the license plate. The court held this evidence insufficient to establish the identity of the property that defendant was alleged to have had in his possession to be the same property alleged to have been stolen.

In Divine v. Commonwealth, 240 Ky. 302, 42 S.W.2d 330 (1931), the evidence that articles in the possession of the defendant were substantially similar to articles that had been carried in stock by the owners of the stolen property was held sufficient under the circumstances to create a jury issue concerning the identity of the property. In Wilson v. Commonwealth, Ky., 258 S.W.2d 497 (1953) and in Dawes v. Commonwealth, Ky., 281 S.W.2d 901 (1955), we said that identification of stolen property must be established by evidence as direct and positive as the particular case permits. We pointed out that what is sufficient depends on the nature of the thing taken and the circumstances connected therewith. Generally, it is a question for the jury.

In Commonwealth v. Sears, 188 Pa.Super. 31, 146 A.2d 79 (1958), in a case involving theft of coins, that court, in reply to an argument asserting failure of absolute identification of the property, aptly observed that the law does not require the impossible. The question of identity was regarded as peculiarly a jury question. Coins of the nature involved in this case are almost devoid of features which enable them to be positively identified. When items such as these are the proceeds of larceny or a robbery, their identity as being the same stolen property when traced to the possession of the accused must necessarily be inferred from the other facts satisfactorily proved. In such case, the question of the identity of the property is one of fact for the jury's determination. See People v. Weaver, 18 Ill.2d 108, 163 N.E.2d 483 (1959).

■ In this case, we have positive identification of the plastic tubes; we have positive identification of a peculiarly marked coin and the general appearance of coins proved to be the same as those col-

lected and owned by the victim of the theft. There is also present evidence of the defendant's possession of the proceeds of another stolen coin collection; this evidence, about which no complaint is directed on this appeal, was admitted to show a scheme and course of dealing. It is our conclusion that the identity of the coins was a matter for the jury to determine.

The judgment is affirmed.

All concur.