**Leon LEWIS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 1, 1971.

W. Earl Dean, Jr., Dean, Dean & Dean, Harrodsburg, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Leon Lewis was convicted in the Mercer Circuit Court of grand larceny. His punishment was fixed at one year in the state penitentiary. He appeals. We affirm.

During the afternoon of Wednesday, July 30, 1969, the farm home of John Lay was forcibly entered. John Lay, his wife, and their three children, David, Susan, and Rebecca, were not at home. Upon investigation it was determined that $54, including two silver dollars, dated 1881 and 1921, with no mint marks, and a Canadian penny had been taken from the desk in

David's room. Susan, age 18, testified that $110 had been taken from her room.

John Lay questioned the appellant, who had been working in a tool shed behind the Lay home on the day of the theft. Appellant consented to show John Lay his wallet. Two silver dollars, dated 1881 and 1921, with no mint marks, and a Canadian penny were found in the wallet.

There was evidence that the appellant had left his work in the tool shed and was absent for thirty minutes on the day of the theft. Appellant did not offer any testimony or defense.

Appellant contends that there was not sufficient evidence to support a guilty verdict for grand larceny and that a directed verdict in his favor should have been granted. We do not agree with this contention. Fleming v. Commonwealth, Ky., 419 S.W.2d 754.

The evidence shows that the appellant was near the site of the crime on the day it occurred; that for thirty minutes that afternoon his whereabouts was unknown; and that the following day three coins were found in appellant's possession. The coins were capable of identification because of their age, type, nature, and description. We feel that the identification of the coins was sufficient to introduce them into evidence. The question of what amounts to an identification is for the jury to decide. Wilson v. Commonwealth, Ky., 258 S.W.2d 497; Beasley v. Commonwealth, Ky., 339 S.W.2d 179; Alexander v. Commonwealth, Ky., 457 S.W.2d 472.

Appellant's contention that the chain of evidence against him is circumstantial and so weak as to be nonexistent is without merit. The appellant did not undertake to explain his possession of the stolen property, and his possession of the purloined articles was sufficient to constitute a jury question. Jones v. Commonwealth, Ky., 453 S.W.2d 564.

The evidence justified the submission of the case to the jury and was adequate to sustain the guilty verdict.

The judgment is affirmed.

All concur.